### No. 1013.

### LOEB & BLOOM VS. JULIUS ARENT ET ALS.

#### ON MOTION TO DISMISS.

Appellees seek to recover judgment against Appellants for $234, and to annul a transfer of property made by Appellants for more than $1000. *Held* that the matter in dispute is the right of Appellees to submit the property to the judgment for $234, and that this Court has no jurisdiction.

APPEAL from the Third District Court, parish of Union. *Graham, J.*

*W. R. Rutland* for Appellees.

*Jas. A. Ramsey* for Appellants.

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiffs move to dismiss this appeal on the ground that the matter in dispute is not appealable to this Court. The object of the suit is to recover judgment in the sum of $234 84 against the defendant Arent, and for the nullity "as to its effect" on plaintiffs, of a transfer of property acknowledged to exceed in value the sum of one thousand dollars, made by the defendant Arent to his co-defendants, D. Stein & Co., who have taken the present appeal from a judgment against them.

They contend that the issue presented by the pleadings is the validity or the nullity of the transfer to them by Arent of property worth more than one thousand dollars, and that, therefore, they have an appealable interest in the suit.

The test of our jurisdiction is to be found in the nature of the relief sought by plaintiffs, and the pecuniary amount of the effect which may result therefrom to appellants.

Plaintiffs do not seek to absolutely annul the transfer complained of, but seek to avoid its effect as to themselves. In other words, their object is to subject to their judgment of $234 84 the property of their debtor, alleged to have been fraudulently transferred to appellants.

The relief which they seek, is defined by Art. 1977, C. C., which provides that "the judgment in this action, if maintained, shall be that the contract be avoided *as to its effect* on the complaining creditors, and that all the property taken from the original debtor's estate, by virtue thereof, or the value of the property to the amount of the debt, be applied to the payment of the plaintiff."

It is, therefore, clear that the only issue between plaintiffs and appellants is the right of the former to enforce the execution of their judgment of $234 84 against property held by appellants and acquired by them from Julius Arent.

It is equally clear that we can render no judgment under the issues presented, which could affect these appellants in any sum exceeding the amount of plaintiffs' judgment, exclusive of interests and costs ; and we cannot escape the conclusion that the matter in dispute is not within our jurisdiction, and that the motion to dismiss must prevail.

It is, therefore, ordered that this appeal be dismissed at appellants' costs.