Hartwell vs. Alabama Gold Life Insurance Company.

No. 7250.

WM. HARTWELL, AGENT, ETC., vs. THE ALABAMA GOLD LIFE INSURANCE COMPANY.

A policy of life insurance will be annulled when the insured made misrepresentations to the insurer as to his habits of intemperance, although he may himself, in making the declaration, have been in good faith and not have intended to commit a deception.

APPEAL from the Fifth District Court for the parish of Orleans. *Rogers*, J.

*Bayne & Denegre* for Plaintiff and Appellee:

The defence is special and the burden of proof is upon the defendant. Terry vs. Insurance Company, 1 Dillon Rep., 403; 31 Missouri Rep., 725; Piedmont Life Insurance Company vs. Ewing, 2 Otto Rep., 379; Swick vs. Home Insurance Company, 2 Dillon Rep., 164.

In order to avoid the policy of insurance, it is necessary for the defendant to prove that the declarations that the applicant was sober and temperate, and that if he should become so far intemperate in the use of opiates or ardent spirits as to seriously impair his health and to shorten the term of his life, were fraudulent and untrue as urged in the answer. Fitch vs. American Popular Life Ins. Co., 59 New York, 570; New York Life Ins. Co. vs. La Bouteaux, Central Law Journal, vol. 2, p. 806; May on Insurance, p. 323; Fox vs. Penn. Mutual Life Ins. Co., 4 Bigelow Life and Accident Insurance Report, p. 462; 1 Bigelow, 702; 4 Bigelow, 69.

All of the representations and statements made in the application and the doctors' certificate accompanying the application, are to be taken and construed together as the language is ordinarily understood. 2 Dillon, 164; Worcester's Dictionary, *verbis* sober—temperate.

*Thos. J. Semmes* for Defendant and Appellant:

This case involves questions of fact only, and the only point of law to sustain which authority is cited, is that the knowledge of the condition of the insured by the agent of a life insurance company, is immaterial as to the question of warranty or misrepresentation or concealment. Eagle Ins. Co. vs. Vose, 6 Cushing, 42.

The opinion of the Court was delivered by

LEVY, J.   This appeal is taken from a judgment of the Fifth District Court for the parish of Orleans, based on the verdict of a jury for the sum of five thousand dollars, with legal interest thereon from February 5th, 1877, being the amount of a policy of insurance on the life of Thomas C. Hartwell for said sum of $5000.   The policy is dated on the 30th of March, 1874, in favor of his children, the plaintiffs in this action.

Hartwell, the insured, died on the 7th of November, 1877.   Due proof of his death was made and submitted to the company and acknowledged, as to its receipt, on the 11th of December, 1877.   Under the terms of the policy, if not forfeited and avoided for the causes therein set forth, it was payable within ninety days after proof of death of the insured.

On demand, within the delay fixed for payment of the amount of the policy, the defendant company refused to pay the same, alleging as reason for such refusal, that the policy had become void, and all the rights of the insured therein and thereunder forfeited, by reason of misrepresentations and false statements made by the deceased in his application for insurance, which application and the statements made therein, were the basis and consideration of the issuance of the policy, and that the deceased had warranted the truth of the statements and declarations therein contained, and their falsity operated the annulment of the contract, as also the forfeiture of all premiums paid by the insured.   The misrepresentations and false statements relied upon by defendant, are those made by the deceased in his application, touching the use by him of intoxicating liquors and his habits as to sobriety, anterior to and at the time of making the application, as well as to his subsequent habits of drink.

There is no dispute as to the law governing the case, and it presents a naked question of fact for our review and decision.

Question 7 in the application is as follows : "Are the habits of the party, at the present time and have they always been, sober and temperate?"   To which the applicant responded "Yes."   In the application there is a further declaration by the applicant, to wit : "If the party proposed to be insured on this application for insurance, shall become so far intemperate in the use of opiates, or ardent spirits or intoxicating beverages as to seriously impair his health and shorten the term of his life, then all monies which shall have been paid on account of such insurance shall be forfeited to the said company, and the policy void."   Question 32, propounded this inquiry : "Is the party aware that any untrue or fraudulent answers to the above questions or any suppression of the facts in regard to the party's health will vitiate the policy and forfeit all payments made thereon?" to which we find the response "Yes."

The application also contains the following : " This declaration and the above proposed shall be the basis of the contract between us and the said company."

Here, then, is a plain, clearly expressed contract, entered into with a full and explicit declaration of the intentions of the parties, a clear understanding of the basis of the contract, a distinct acknowledgment of the liabilities incurred on both sides, and an unmistakable announcement of the penalties attaching to the untruthfulness of the statements and declarations on which the contract is based.

For the present case and its decision we deem it necessary only to direct our inquiries to the question : Were the declarations of the insured, as contained in his application, true ?

Numerous witnesses have testified as to the habits of the deceased in the use of intoxicating liquors, prior to and at the time of his effecting the insurance upon his life, and subsequent thereto. Habits of intemperance generally grow upon the victim gradually and to him insensibly, and he is aroused to an appreciation of his true condition, if at all, long after the habit has become fixed and has attracted, if not public attention, at least that of those who are thrown into daily or constant social or business intercourse with him, and with self-sufficiency and egotistical faith in himself, he denies and resents, as inapplicable to him, what is apparent to others. But this denial on his part, or disbelief as to his condition, does not affect its real existence; and while, from misconception of the truth growing out of a perverted or distorted view taken by himself, he may be acquitted of any dishonest attempt at deception or misrepresentation, his solemn declaration, although made without fraudulent or untruthful intent, which induces another to bind himself in a manner which he would not have done, in the absence of such declaration, cannot be invoked to the detriment of that other who binds himself on the faith of its correctness.

We do not deem it necessary to enter into a detail of the testimony found in the record, which on the one hand goes to establish, if not the temperance and sobriety of the deceased, the absence of excessive indulgence in the use of ardent spirits or intoxicating liquors, and, on the other hand, the existence of such excessive use or indulgence. We have read all the evidence carefully, have considered the character and good reputation of all the witnesses, the relations which they bore to the deceased, their business and social intercourse with him, their means of knowledge and of observation, their general and special and intimate acquaintance, and we can arrive at no other conclusion, as the result of a critical examination, in which we have sought to give its due weight to the testimony of all the witnesses, than that the representations made by the deceased, Thomas C. Hartwell, in his application for insurance

and which formed the basis and a material consideration for the policy, in so far as they relate to his habits of sobriety and temperance, prior to and at the time of the application, are not in accordance with his real condition, and not in themselves truthful in the sense in which the insurance company accepted and acted upon them.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed ; and it is now ordered, adjudged and decreed that there be judgment in favor of the defendant rejecting the demands of plaintiffs at their costs in both courts.

Rehearing refused.