## No. 163.

### ARMSTRONG FURNITURE CO. *v.* L. LECOMPTE & CO. ET ALS.

The question of appellate jurisdiction is determined by the amount of the claim, as found and restricted in the prayer, and not by the value of the property involved in the transfer or sale attacked.

When a party moves this Court to dismiss an appeal because some essential document, paper or copy is absent, the demand will not be noticed unless it points out and describes specifically what piece is missing. Litigants must be certain and precise in their pleadings and a motion to dismiss, forms no exception to the operation of this wholesome rule.

Where a sale or transfer is attacked as a nullity insofar as it affects the rights of a particular person, and the Court below erroneously renders judgment setting aside the entire sale, thus going beyond the prayer of the petition, if no amendment of the judgment is demanded by appellant but merely a reversal prayed for, the Court is powerless to amend the judgment *ex proprio motu*, for as to this issue, it is considered ratified by the parties, hence in such instance, since the judgment as it stands, unrestricted and unqualified, involves more than the jurisdictional amount of the Court of Appeals, the appeal must be dismissed.

*Richardson & Magruder*, attorneys.

*F. Michinard*, attorney.

ON MOTION TO DISMISS.

His Honor Judge Frank McGloin delivered the opinion and decree of the court in the words and figures following, to wit;

Plaintiff sued defendant, L. Lecompe and Co., for $932.75, and joined to this action one against Charles Fendez in conjunction with said L. Lecompe and Co., to have a transfer of certain property by the debtor to said Fendez declared null and void as a fraudulent simulation, in so far as they, plaintiffs, are concerned. The judgment of the lower court was for plaintiff for the debt, and against Fendez, declaring that title held by the latter to be a nullity, and subjected the property affected "to the claims of the creditors of L. Lecompe and Co., to be determined hereafter as to their rank and amount."

The defendant, Fendez, appeals, and plaintiff moves to dismiss. Their motion sets forth practically but two grounds; 1st. want of jurisdiction in this court; 2nd. that the record

is not complete in as much as the extract from the lower court has not been filed in this court.

1st. It is true that the value of the property, the title to which is attacked, amounted to $12,000, a sum which is beyond our jurisdiction; and that the judgment seems to be tantamount to a declaration of nullity against the transfer as a whole. Nevertheless, the fact is that plaintiff only demanded a declaration of nullity against the pretended title of Fendez, as to themselves, and abstained from demanding the total abrogation of the same. The judge *a quo* seemingly through inadvertance went far beyond the original pleadings in his decree and we find no amendment or any evidence which by reason of its variance with the allegations of the petition, might be considered as an enlargement of the issues by implication.

The Supreme Court of this state in State *ex rel* Bloss vs. Judges, 33 La. Ann. 1353, expressly determined that where a plaintiff demands only a partial setting aside of a title in so far as said title affects him, that the question of appellate jurisdiction is determined by the amount of his claim and not by the value of the property. To the same effect is Lobe & Bloom vs. Arent *et al*, 33 La. Ann. 1086. The opinion of this court in R. G. Bluss vs. Lindop, No. 128, upon its docket, takes rather a different view of this question, but upon a second consideration, we are convinced that the conclusions by us arrived at in that case so far alone, however, as they might serve as a precedent in this, were not sound.

We there considered that the controversy was one between the creditor and a third person, and that the issue involved was not the matter of the original debt but the want of title, and that the case was similar to one where a third person enjoined the seizure of his property under a writ against another. We stated that the transaction complained of should not be investigated partially, or annulled in part, and hence the validity of the whole title was pending. It seems to us now, however, that the prayer of the petition should govern in this case, and if that be for something within our jurisdic-

tion, the question whether it be rightfully demanded or not cannot be determined upon mere proceedings to dismiss. The plaintiff here has demanded only a partial rescission and whether, upon trial upon the merits we hold him entitled to it or not, still that is all he is asking for, and it is by what he actually prays for that the issue of jurisdiction must be decided.

The inadvertent error of the judge cannot affect the question of the appeal. When the petition was filed, the case was one that was properly appealable to this court. When it was tried and submitted, the same, and the parties themselves have done nothing themselves to alter its character. Under such circumstances, we do not consider that the inferior court has the power either intentionally or by inadvertence to change the nature of the controversy. Were it otherwise, the lines of appellate jurisdiction would be to some extent, at the mercy of judges of the first instance, who could force upon the superior tribunals the hearing of any controversy they chose, no matter what was the will of the parties or the true extent of the demand, as such demand is expressed in the pleadings. A litigant claiming $100, might have the decree entered for $5,000 and thus have his suit against his own will, and against its very nature, made appealable to the Supreme Court.

2nd. The rules of the court do not require the minute entries of the lower court to be furnished in every case by copies. Rule No. 5 requires them to be sent up in the originals or copies. By original is meant the motion or form of order which are usually presented and filed in writing and subsequently copied in the minutes. The certificate furnished by the clerk in this particular case seems to be regular—declaring that we have all to which the law entitles this court; and the motion to dismiss indicates no particular motion or paper which is missing or defective.

When a party moves this court to dismiss an appeal because some essential document, paper or copy is absent, the demand will not be noticed unless it points out and describes specifically what piece is missing. Litigants must be certain and precise

in all pleadings, and a motion to dismiss forms no exception to the operation of this wholesome rule. A. & B. Lagman vs. O'Neil & Garvey, No. 158, on the docket of this court. The motion to dismiss is therefore denied.

ON THE MERITS.

The facts of this case are fully stated in the opinion of this court in the motion to dismiss. Defendants in their brief upon the merits do not attack the finding of the court *a quo* relative to the nature of the transfer to Fendez. They content themselves with simply demanding the dissolution of the attachment and a denial of the privilege. The language of said brief is as follows;—"the only question which the appellant seeks to bring to the attention of the court is whether or not the attachment, with the privilege attending it, should have been mantained.

We have mentioned the fact that the judgment appealed from does not follow the prayer of plaintiff's petition by cancelling the transfer only so far as it affected said plaintiff, but that it annulled the same *in toto* and ordered a general distribution of the property among all the creditors.

Now comes the appellant into this court demanding not that this decree be amended or in any manner altered so as to make it conformable to the prayer of the petition and hence within our jurisdiction, but simply asks for a reversal of a portion that does not relate to or affect jurisdiction.

We confess to being placed in a dilemma by the aspect the case has thus assumed. If the judgment coming up from below is in the main to stand without disturbance, the controversy is one beyond our cognizance, and we have as little authority to affirm the part that maintains the attachment and privilege, as we have to give our sanction to the principal or most important decretal, whereby a transaction touching property worth several thousand dollars is annulled *in toto*.

Nor can we accord to parties a relief which they do not ask, and amend the judgment of our own motion, so as to reduce it to that over which we have authority.

We see but one way by which this difficulty may be justly solved. If the litigation has assumed a character different from that which it originally presented it is by reason of the commission or omission of the defendant, appellant. We can view the clause quoted from their brief in no other light than as a partial acquiescence in the judgment appealed from. That acquiescence relates to the very portion which has enlarged the controversy, and it must be allowed an effect similar to that which follows the admission without objection of evidence beyond or contradictory to the pleadings. In the latter case, the petition will be considered as amended by tacit consent of the parties, and then must be held to involve the new issues and not the old ones.

As, upon trial of the motion to dismiss, it was in no manner suggested that the evidence in the case went beyond the pleadings, we did not consider ourselves justified, at that time, in making an examination of such evidence. Neither did we consider ourselves called upon or even authorized to read the briefs upon the merits or in any other way acquaint ourselves with such merits. State *ex rel* LeCompe vs. Judge, 1 McGloin 11.

Now, however, we perceive that the finding of the judge *a quo* upon the merits in the particular respect under consideration has the ratification of all parties and the character of the cause is therefore fixed beyond any power or authority upon our court rightfully to disturb it. The legitimate consequence is that we discover upon our docket a controversy that is beyond our jurisdiction, and we must dismiss the appeal, *ex propria motu;* Bloss vs. Lindot, No. 128 on docket of this court. State *ex rel* vs. Judges, 33 La. Ann. 1353; Lobe & Bloom vs. Arent *et al*, 33 La. Ann. 1086. Appeal dismissed at appellant's cost.

Rehearing refused June 23, 1882, by Rogers, Judge.