## No. 10,312.

### W. & F. LIVINGSTONE VS. HARDIE BROS., ET AL.

| 41 | 311 |
|----|-----|
| 50 | 28 |
| 41 | 311 |
| 112 | 806 |

1. In a revocatory action, the amount of the debt, and not the value of the property conveyed by the sale sought to be revoked, is the test of jurisdiction.
2. Where the same judgment passes on an unappealable principal demand, and an appealable reconventional demand, the latter alone can be reviewed on appeal.
3. In an action for malicious prosecution of a civil suit, it is essential to prove both want of probable cause and malice, which are not established in this case.

APPEAL from the Eleventh District Court, Parish of Natchitoches. *Pierson*, J.

---

*Jack & Dismukes* for Plaintiffs and Appellees.

---

*Chaplin, Breazeale & Chaplin* for Defendants and Appellants.

---

The opinion of the Court was delivered by

FENNER, J. We are clearly without jurisdiction to revise the judgment on the principal demand in this case, which is an action to recover $251 41 with interest and costs, coupled with a prayer for the revocation of a sale of certain property and also for a recognition of a vendor's lien. The value of the property, the sale of which is sought to be revoked and on which the privilege is claimed, is not the measure

of our jurisdiction, which must be determined only by the amount of plaintiffs' demand, satisfaction of which is all that could be required. Loeb vs. Arent, 33 Ann. 1086; State vs. Judge, 34 Ann. 1215.

Nor do we acquire jurisdiction over the principal demand because the defendant has filed a claim in recovention which may be appealed to this Court. Defee vs. Covington, 37 Ann. 659; Colombe vs. McQuaid, 36 Ann. 370; Goldman vs. Roos, id. 132; Lamorere vs. Avery, 32 Ann. 1008.

The reconventional demand is in the nature of an action for malicious prosecution of the principal suit. The latter was not accompanied by any process disturbing the defendants' rights of person or property.

The petition contains allegations of fraud, of impecuniosity and other charges certainly not creditable or agreeable to defendant and tending to injure his credit and reputation and to wound his sensibilities. But we find therein none not strictly pertinent to the cause of action and conducive to the relief sought.

The law expressly authorizes such actions and formulates the grounds on which they may be brought. Parties, who believe they have such grounds of action, have the right to embody them in the judicial petition, without which they could never vindicate their rights.

In actions for the malicious prosecution of such a suit, they can only be held responsible in damages on the same grounds which are requisite to sustain an action for malicious prosecution of any other civil suit, and these require clear proof of two concurring facts, viz: First, want of probable cause and second legal malice..

This record fails to furnish such proof. On the contrary we observe the significant fact that, prior to the filing of the petition in this case, other judgment creditors of Hardie Bros, had attacked the sales of defendant, Johnson, as fraudulent simulations, by directly seizing the property sold; and that Johnson, in an injunction suit brought by him to restrain said execution, set up against those parties the same claim for damages which he now propounds against the present plaintiffs.

He then claimed that these damages were occasioned by the seizure of his property which took place before this suit was brought. He now claims that they were occasioned by the instant suit. It further appears that, on issue joined in the injunction suit, the injunction was dissolved and the sales were declared to be fraudulent simulations. On appeal to this Court the judgment was reversed on the ground that the sales were not mere simulations, reserving the right of the creditors to bring a revocatory action. That action was subsequently brought and presented

the same issues raised in the present suit. It resulted in a judgment annulling the sales and rejecting Johnson's demand for damages.

It certainly cannot be claimed that a cause of action, which has been sustained by two judgments of a competent court, presents such want of probable cause as would support an action for malicious prosecution.

This view is further confirmed by the fact that several other actions of identically the same character have been brought by various creditors, and against them also Johnson has propounded the same claim for damages.

We think the reconventional demand has no foundation.

It is, therefore, adjudged and decreed that the appeal on the principal demand be dismissed and that the judgment on the demand in reconvention be affirmed.