LAND, J.
Plaintiff’s suit was dismissed on an exception of no cause of action, and he has appealed.
Plaintiff alleged that he was a judgment creditor of one Wells in the sum of $147.10; that defendant Rigmaiden, parish treasurer, offered certain real estate (public school lands) for sale at public auction, and the same was adjudicated to said Wells; that with full notice of his judgment claim the said property was deeded by said parish treasurer to the Sabine Tram Company, thereby defeating and defrauding plaintiff of his right to subject the said property to the payment of his judgment; that Wells owned no other property out of which said judgment could be collected, and said company had notice and knowledge of all the facts.
The prayer of the petition was for judgment revoking said deed “in so far as to affect said property to payment of one hundred forty-seven and ten one-hundredths dollars due petitioner by Geo. H. Wells; that said judgment order the sale of said property according to law to satisfy the claim of petitioner, with all costs of the suit.”
There is no allegation that plaintiff’s judgment was recorded in the mortgage book and operated a judicial mortgage on the property in question, though there is a vague averment that the company had full knowledge that plaintiff “would exercise his right of pledge on said property.”
Wells was not made a party to the suit, and it appears that the object of the suit is to enforce the payment of the judgment by the seizure and sale of the land. There is no charge of fraudulent simulation, and revocation is prayed for only to the extent of subjecting the property to the payment of the judgment for $147.10.
There is no basis for the jurisdiction of this court, whether considered as a proceeding in rem to enforce a mortgage or as a revocatory action. Livingstone v. Hardie, 41 La. Ann. 311, 6 South, 129; Katz v. Gill, 43 La. Ann. 1041, 10 South. 364; Loeb v. Arent, 33 La. Ann. 1085.
The value of the tract of land is not alleged with certainty, and, moreover, is immaterial in determining the question of appellate jurisdiction.
It is therefore ordered that this appeal be dismissed for want of jurisdiction in this court ratione materiee.