(76 South. 820)

No. 22695.

DAY et al. v. HELENA LUMBER CO.

In re HELENA LUMBER CO. et al.

(Oct. 29, 1917. Rehearing Denied Nov. 26, 1917.)

*(Syllabus by the Court.)*

1. COURTS ☞224(11) — LOUISIANA — APPELLATE JURISDICTION—AMOUNT OF LIEN CLAIM.

Where a litigant seeks recognition and enforcement of a lien or privilege as securing a claim for money, the amount or matter in dispute is determined, for the purposes of the appellate jurisdiction of this court, and the Courts of Appeal, by the amount of the claim, and not by the value of the property as against which the lien or privilege is asserted.

2. COURTS ☞207(1)—WRITS IN AID OF APPELLATE JURISDICTION.

The Courts of Appeal being vested with authority to issue writs of mandamus, prohibition, and certiorari in aid of their appellate jurisdiction, applications for such writs, in cases appealable to those courts, should be made to them, and not to this court.

Suit by W. G. Day and others against the Helena Lumber Company, in which the exception of S. T. Alcus & Co. to the jurisdiction was overruled, and in which plaintiff filed a supplemental petition, and S. T. Alcus & Co. and the trustee of the Helena Lumber Company filed an exception to the jurisdiction, and on plaintiff's motion there was an order relieving the trustee of the lumber company of further appearance and appointing a curator ad hoc to represent it, and the company and S. T. Alcus & Co. apply for a writ of prohibition. Exception to jurisdiction sustained, and application dismissed.

Merrick, Gensler & Schwarz, of New Orleans, for relator S. T. Alcus & Co., Limited. Claude L. Johnson, of New Orleans, for trustee in bankruptcy of Helena Lumber Company, relator. Andrew B. Booth, Jr., of New Orleans, and Adrian D. Schwartz, of Covington, for plaintiffs, defendants in application.

Statement of the Case.

MONROE, C. J. Upon October 21, 1916, the Helena Lumber Company, Inc., was adjudicated a bankrupt by the District Court of the United States for the Eastern District of this state, and John D. Morris was elected trustee. On November 9th, following, S. T. Alcus & Co., Limited, filed a petition in that court in which it alleged that it had been advised by the attorney of the trustee that the latter had advertised for sale, as the property of the bankrupt estate, 416,000 feet of assorted, planed lumber; that petitioner had acquired the same by purchase from the Helena Lumber Company, and was the owner

and possessor thereof for value and in good faith; that, if the trustee claimed any right therein, it could not be asserted in that court, nor by the sale of petitioner's property. Wherefore it prayed that said trustee be ruled to show cause why he should not desist from offering the lumber for sale and from interfering with petitioner's possession thereof. The trustee, for cause why the rule should not be made absolute, denied all knowledge of the purchase, set up by the petitioner, especially denied that the lumber had ever been delivered, and alleged that it was still on the premises and in the possession of the lumber company.

Upon the trial of the rule the following admission was entered of record, to wit:

"It is admitted that a contract, of date June 5, 1916, was entered into by and between S. T. Alcus & Co., Limited, and the Helena Lumber Company, and that, pursuant thereto and in keeping therewith, bills of sale were executed to S. T. Alcus & Co., Limited, on June 10th, July 5th, August 29th, September 12th and September 20, 1916, and that $10 per 1,000 feet was paid at the time of shipping, as per contract, for the lumber in question, as shown in the contract and bills of sale, by S. T. Alcus & Co., Limited, and that the same was stacked upon the premises named, as in keeping with the contract and as was shown in the bills of sale received and accepted by a representative of Alcus, who, at that time, stenciled the same as the property of S. T. Alcus & Co., Limited, subsequent to the stacking by the Helena Lumber Company of the lumber on the premises alleged in the contract and in keeping therewith. The representative of Alcus was present on the premises and checked over the amount of lumber, as per inventories attached to the bills of sale, and received and accepted the same at that time and subsequent to the stacking by the Helena Lumber Company, for and on behalf of S. T. Alcus & Co., Limited. In addition to the $10 per 1,000 feet there were paid on October 2, 1916, to the Helena Lumber Company, the sum of $419.90 which represents about 98 8/10 cents per 1,000 feet, as set out in note to the schedules in bankruptcy, said payment being made in accordance with and as set out in note attached to schedules in bankruptcy.

"It is further admitted that there was no delivery of the lumber other than in the form and manner as set out in the contract and deeds and statement above mentioned and made.

"By Mr. Booth: Counsel for laborers who claim a lien and privilege on the lumber now on the premises of the Helena Lumber Company reserves all their rights and privileges to proceed to enforce their said lien and privileges in the state court. * * * "

After hearing, the referee, on November 23, 1916, gave judgment on the rule as follows:

"It is ordered that the relief as prayed for by S. T. Alcus & Co., Limited, the petitioners herein, be granted, and that the trustee be and he is hereby ordered to cease and desist from offering, or from advertising, or from selling, any of the property described in the said petition, and that he refrain from interfering in any manner with the right, title, interest, control, or possession of the property described in said petition and advertised by said trustee as 416,000 feet of assorted plain lumber, *said property being hereby declared to be no part of the assets of the estate in bankruptcy.*" (Italics by present writer.)

The judgment so rendered by the referee was affirmed by the court on December 22, 1916, and, on December 26th, a new trial, applied for by counsel for the trustee and by A. B. Booth, Jr., "attorney for various laborers and privilege creditors," was refused. Thereafter, on January 30, 1917, a petition was filed in the district court for the parish of St. Tammany on behalf of W. G. Day, through his attorneys, Messrs. Adrian D. Schwartz and A. B. Booth, Jr., in which it is alleged and prayed, in substance, as follows:

That the Helena Lumber Company, is indebted to petitioner in the sum of $1,893.-49, for this, to wit:

"That petitioner is the assignee and subrogee, for a valuable consideration, of a certain claim for labor due by the defendant to O. Stevenson for services performed during the months of June, July, August, and September, in the year 1916, amounting to the sum of $8.55."

Which allegation, with change only of name and amount, is repeated a number of times, following which, it is further alleged that petitioner—

"has a laborer's lien and privilege on all of the logs, square timber or lumber manufactured in the sawmill of the defendant company and lying or being situated in the camps, yards, or other property in the defendant's sawmill, located in St. Tammany parish * * * ; that he fears.

that the said * * * company is removing or about to remove, sell or otherwise dispose of the said lumber, logs, * * * to the prejudice of plaintiff's laborer's lien and privilege, to which he is duly subrogated according to law, and that a writ of provisional seizure is necessary," etc.

It is further alleged that petitioner is the assignee and subrogee of the claims of certain persons—the names and amounts being stated—as furnishers of supplies to defendant, as retail dealers, and as boarding house keepers, and that he has a lien therefor upon said timber and lumber; that he fears that defendant will conceal, part with, or otherwise dispose of the same, and that a writ of sequestration is necessary. He prays for provisional seizure and judgment with recognition of lien as for laborer's wages, in the sum of $882.78, and for sequestration with similar judgment, as for claim of furnishers of supplies and boarding house keepers, in the sum of $1,010.71. And the writs were issued and the property seized.

Upon the day of its filing, the trustee of the lumber company, through his attorney, indorsed the following upon the back of the petition thus referred to, to wit:

"Service of the within petition and citation waived, also service of notices of provisional seizure and sequestration and writs of sequestration and provisional seizure. All rights reserved."

Thereupon S. T. Alcus & Co., Limited, came into court, declaring that they appeared only for the purpose of excepting to the jurisdiction, but alleging as follows:

"That the lumber seized herein belongs to the exceptor and the same is seized in a proceeding against the Helena Lumber Company and under claims alleged to exist against the Helena Lumber Company, and that said company has been adjudicated a bankrupt before the District Court of the United States in and for the Eastern District of Louisiana, and this court is without jurisdiction ratione materiæ and ratione personæ to determine the issues or questions here presented. Wherefore," etc.

Among other documents, a certified copy of the judgment of the United States District Court, to which we have referred, was filed in evidence by the exceptor upon the trial of the exceptions, on April 9, 1917.

After hearing, the exception was overruled, but in view of the interposition of the Alcus Company in the matter, and of the development in regard to the ownership of the lumber, plaintiff filed a supplemental petition, in which he prays that that company be cited and that he have judgment against it, recognizing the liens and privileges on the lumber, as claimed by him, without regard to the question of ownership as between said company and the defendant. To which supplemental petition, the Alcus Company filed an exception to the jurisdiction, as did, also, the trustee of the Helena Lumber Company. Plaintiff then filed a motion, alleging that, though the attorney of the trustee had accepted service, it had subsequently developed that he was without interest in the suit, and that it was a proceeding in rem in which the United States District Court had declined jurisdiction; further alleging that he did not desire to obtain any decree against the trustee, and praying for an order (which was made) relieving the trustee of the necessity of further appearing, and appointing a curator ad hoc to represent the company in the event that no known officer or agent could be found within the jurisdiction of the court. And it was while matters were in that condition that the application now under consideration was made to this court.

That application is made on the relation of the trustee of the Helena Lumber Company and of S. T. Alcus & Co., Limited, who allege, in substance, that plaintiff's suit having been filed and his seizure having been made after the adjudication in bankruptcy of the company named as defendant, the state court was without jurisdiction to entertain the one or order the other, and they quote section 67F of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1916, § 9651]) to the effect that:

Levies, judgments, attachments, or other liens obtained through legal proceedings "against a person who is insolvent * * * within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property" so attacked "by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released" therefrom.

And section 70 of said act (U. S. Comp. St. 1916, § 9654) to the effect that:

"The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt."

The petition then proceeds as follows:

"That the above-entitled and numbered cause having been filed against the Helena Lumber Company, and that company being made defendant, and the seizure having been issued therein, the state court was wholly without jurisdiction of such a proceeding; likewise, under said section 70 of the bankruptcy act, according to which section, the trustee in bankruptcy, and not the defendant company, is vested with title to the property as of the date of the adjudication.

"That, although it was shown to the honorable Twenty-Sixth judicial district court * * * that said cause was filed against the bankrupt company, whose affairs were being administered and under the control of the bankruptcy court, and although the decision of the honorable court in the aforesaid case of Lehman, Stern & Co. v. E. Martin et al. was directed to the attention of said court, the said court overruled the exception to its jurisdiction and maintained and held jurisdiction, and, in so doing, usurped jurisdiction which, your relators respectfully show belongs properly to the United States Court in and for the Eastern District of Louisiana," etc.

And they pray for the writ of prohibition.

The petition is silent as to the fact that more than eight months before it was filed, the United States District Court in and for the Eastern District of Louisiana, at the instance of S. T. Alcus & Co., Limited, and contradictorily with the other litigants, had decreed the property here in controversy to be "no part of the assets" of the Helena Lumber Company, in bankruptcy, and had ordered the trustee of that company to desist from offering it for sale and to refrain from interfering in any manner with the right, title, interest, control, or possession of it.

The respondents (the trial judge and the plaintiff) except to the jurisdiction of this court on the ground that the amount in dispute is that claimed by plaintiff, which, being within the appellate jurisdiction of the Court of Appeal, that court alone is vested with jurisdiction to issue the writ prayed for. They especially call the attention of this court to the fact that they do not, in their petition, allege that the lumber in question is the property of the Helena Lumber Company, but that the United States Court having decided that it is not the property of that company and having failed, otherwise, to deal with the question of title, save to prohibit the trustee of the bankrupt from interfering therewith, plaintiff brought his suit in rem, under C. P. 285, § 4, to enforce his liens and privileges upon the property upon which they bear, as upon the property of an absent or unknown owner.

### Opinion.

We refrain from any further statement of the position of the respondents, on the merits, for the reason that we are of opinion that the exception to the jurisdiction of this court is well taken.

[1] Plaintiff is now asking for no judgment against the bankrupt, or the bankrupt estate. He is seeking to enforce, contradictorily with S. T. Alcus & Co., Limited, and against certain property, claimed by that company and which has been conclusively held to be no part of the bankrupt estate, certain liens and privileges, alleged to be established by law for the security of certain claims aggregating less than $2,000, and, except in so far as the assertion of those claims is concerned, he is not disputing the title set up by S. T. Alcus & Co., Limited.

The case, therefore, falls within the doctrine of Bloom v. Arent et al., 33 La. Ann.

1085, in which it was held (quoting the syllabus):

"Appellees seek to recover judgment against appellants for $234, and to annul a transfer of property made by appellants for more than $1,-000. *Held*, that the matter in dispute is the right of appellees to submit the property to the judgment for $234, and that this court has no jurisdiction."

See, also, State ex rel. Zuberbier & Behan v. Judge, 34 La. Ann. 1215; Livingstone v. Hardie Bros. et al., 41 La. Ann. 311, 6 South. 129; Katz & Barnett v. Gill, 43 La. Ann. 1041, 10 South. 364; Courtney v. Rigmaiden, 112 La. 804, 36 South. 704.

[2] The total amount claimed by the plaintiff in this case, and hence "the matter in dispute," does not "exceed $2,000, exclusive of interest," and it is therefore within the appellate jurisdiction of the Court of Appeal, and not of this court, and, as the Courts of Appeal are vested by the Constitution (article 104) with "authority to issue writs of mandamus, prohibition, and certiorari, in aid of their appellate jurisdiction," application for such writs, in cases appealable to those courts, should be made to them and not to this court. St. Tammany, etc., v. Stewart's Creditors, In re, 134 La. 374, 64 South. 145; State ex rel. Sample v. Judge, 43 La. Ann. 936, 9 South. 899.

It is therefore ordered that the exception to jurisdiction herein pleaded be sustained, and this application dismissed at the cost of the applicant.