No. 1396.

### THE STATE EX REL. O. H. P. SAMPLE VS. JUDGE OF TENTH JUDICIAL DISTRICT COURT.

The Supreme Court will not exercise its supervisory powers over inferior courts in cases in which relief can be had from an appellate court, vested with exclusive jurisdiction over the subject matter.

State ex rel. Sample vs. Judge.

A PPLICATION for Mandamus, Prohibition and *Certiorari*.

*E. W. Sutherlin* for the Relator:

1. Bond for suspensive appeal from a judgment for a specific sum must be for a sum exceeding by one-half the amount for which the judgment was given. An intervenor arresting the operations of a judgment for plaintiff against defendant, can not do so on more favorable terms than the defendant; but in this regard occupies no better position than the defendant. C. P. 575; 22 An. 115.

2. Plaintiff claiming the ownership of a promissory note must give bond for suspensive appeal from the judgment rejecting his demand, for a sum exceeding by one-half the amount of the note. In fixing amount of suspensive appeal bond, both in the code provisions and in the jurisprudence, it is protection to the appellee that is aimed at. C. P. 575; 25 An. 653; 23 An. 85; 16 An. 251. But rule not applicable where appellee is otherwise protected. 34 An. 216, 539; 10 An 345; 16 La. 520.

3. In those cases where the amount of a suspensive appeal bond rests in the discretion of the judge, that discretion must be reasonable and just. In such cases there are well established precedents in our jurisprudence wherein the Supreme Court, on reviewing the action of district judges on prohibition and mandamus, have required an appellant to give bond for an additional amount to secure appellee's rights and protect him against loss. 19 La. 167; 27 An. 334; 34 An. 1210.

*J. F. Pierson* for the Respondent.

The opinion of the court was delivered by

BERMUDEZ, C. J. This is an application for writs of *mandamus*, prohibition and *certiorari*.

The allegations are: That the Relator sued to recover the amount of a promissory note for $445; that certain parties intervened, claiming the ownership of the note; that judgment was rendered, in favor of plaintiff, rejecting the intervention and condemning the defendants to pay plaintiff; that the intervenors asked and obtained a *suspensive* and devolutive appeal from the judgment, returnable to the Circuit Court of Appeals, on their giving, in each instance, a bond for $25, which was done.

The contention is, that the District Judge should have fixed the amount of the bond at one-half over and above the claim.

For the reasons given in the case of State ex rel. Sample vs. Judge, just decided, this court has no jurisdiction over the *merits* of this application, and must refer the Relator to the Circuit Court of Appeals.

Application dismissed.