State ex rel. Sample vs. Judge.

No. 1397.

## THE STATE EX REL. O. H. P. SAMPLE VS. JUDGE OF THE TENTH JUDICIAL DISTRICT COURT.

The exercise of the supervisory powers of the Supreme Court, under Article 90 of the Constitution, can not be successfully invoked, in a case rightfully appealable to a circuit court of appeals, in which an appeal has been granted, returnable to that court, to test the sufficiency of the amount fixed by a District Judge, in allowing a suspensive appeal from a judgment rendered by him.

The circuit courts of appeal have, under Article 104 of the Constitution, the exclusive power to issue writs of *mandamus*, prohibition and *certiorari*, in aid of their appellate jurisdiction.

It is to that court and not to this, that the relator should apply for relief, if entitled to any.

APPLICATION for Mandamus, Prohibition and *Certiorari*.

*E. W. Sutherlin* for the Relator.

*J. F. Pierson* for the Respondent.

The opinion of the court was delivered by

BERMUDEZ, C. J.  This is an application for writs of *mandamus*, prohibition and *certiorari*.

From the showing made, it appears that suit was brought before the Tenth Judicial District Court against the relator for the recovery of a note for $381, which was in his possession, and of which he claimed to be the owner; that judgment was rendered, rejecting the demand and recognizing the defendant's title; that thereupon the plaintiff obtained a *suspensive* and devolutive appeal, returnable to the circuit court of appeals, on giving a bond for $25 on each appeal, both of which were furnished.

The complaint is, that the District Judge should have required a bond for one-half exceeding the amount of the claim in order to render effectual the appeal, as far as *suspensive*.

The relator invokes the exercise of the supervisory jurisdiction of this court, under Article 90 of the Constitution, to compel the District Judge to vacate his order and to fix a sum exceeding by one-half the amount of the claim as that of the bond to be given, in order to have the appeal to operate *suspensively*.

However broad the powers of this court may be, under that con-

servative constitutional provision, they have never been, and will not be, exercised when the relief sought here can be asked and obtained from another competent jurisdiction vested with exclusive authority in the premises.

The appeals in the case mentioned by the relator are returnable to the Circuit Court of Appeals, and properly so, the amount or matter in dispute being exclusively within the jurisdiction of that court, under the terms of the Constitution, Article 95.

Had the matter in dispute exceeded $2000, and had appeals been granted from a judgment in the case, returnable to this court, we would have jurisdiction, and could pass upon the merits of the application for relief; but such is not the case.

It is apparent that under the provisions of Article 104 of the Constitution, which vests Circuit Courts of Appeals with the power to issue writs of *mandamus*, prohibition and *certiorari*, in aid of their appellate jurisdiction, the Circuit Court of Appeals to which the appeals granted have been made returnable, not only *is competent*, but is the only court having jurisdiction to hear and determine the question attempted to be submitted for decision, on its merits, to this court.

The Relator has, therefore, no right to invoke the supervisory powers of this court, in the case stated, and must apply for relief, if entitled to any, to the Circuit Court of Appeals to which the appeals granted have been made returnable.

Application dismissed.