BREAUX, C. J.
One of a number of sureties in solido asks to be released from paying a fee of attorney, and propounds the question, substantially, whether, after judgment has been obtained, fixing the amount due by each of the sureties, he can be made to pay the fee no,t paid by three of the co-sureties in solido?
All the sureties were condemned to pay the fee.
*271 It must first be stated that the amount due by these sureties was $4,500, with S per cent, interest from February, 1910, together with 10 per cent, additional upon principal and interest > as attorney’s fee, for which judgment was obtained against all the debtors.
Three of the debtors paid their indebtedness to the judgment creditor (in fact paid the entire judgment) and became subrogated to the rights of the bank, the original judgment creditor.
Some time thereafter M. D. McBride, relator, one of the judgment debtors, filed a rule asking that the three cosureties, Robert J. Younger, Alcide J. Bouvillain, and Julius Blum, subrogees, show cause why relator should not be discharged from the judgment in question upon payment to them of one-seventh of the judgment.
This rule was made absolute on February 2, 1911. Defendant was condemned to pay one-seventh of the judgment in accordance with the prayer of his rule.
It was after this rule had been made absolute that the relator discovered that the plaintiff, Bank of Houma, in the settlement of the judgment made by it with the three sureties above named, had remitted the attorney’s fee provided for in the judgment.
A writ of fi. fa. was issued to compel the payment of the judgment.
Relator sued for a writ of injunction, alleging that he was not aware at the time that judgment was rendered that the plaintiff bank had remitted the fee.
Relator charges that it was incumbent upon the defendants in rule (owners of the judgment) to make it known that the bank had remitted the fee.
That their silence upon the subject amounted to a fraud on relator’s rights as cosurety, and violated the equitable rule which should govern among sureties; that sureties cannot recover from their cosureties a larger amount than they have paid.
Relator avers that his only remedy is by an action of nullity of the judgment, and an injunction.
On petitioner’s prayer for the injunction, the judge granted an order to show cause.
On the trial of the rule, the judge decided that there was no good ground for an injunction, for the reason that the rule fixing the relator’s liability to his cosureties had been filed by him and had resulted in judgment as prayed for, and was now final and could only be annulled upon allegations of fraud, which allegations could not be consistently urged by relator against a judgment which had been rendered as originally prayed for by him.
The judge having refused to grant the writ of injunction, relator moved for a suspensive appeal from his order refusing the writ.
The judge refused to grant the appeal.
Relator now urges that his only remedy is through the court’s interpretation of its supervisory jurisdiction, under article 94 of the Constitution, and therefore prays for a mandamus to the end of compelling the judge to grant the preliminary injunction prayed for.
We copy the prayer of plaintiff in extenso:
“That a writ of mandamus issue herein, directed to the Honorable W. P. Martin, judge of the Twentieth judicial district court, sitting in and for the parish of Terrebonne, ordering and requiring him to issue a preliminary injunction in No. 6,975, entitled Bank of Houma v. Citizens’ Ice & Manufacturing Company, Limited, et al., directed to A. W. Connely, sheriff, and Alcide J. Bouvillain, Robert J. Younger, and Julius Blum, enjoining and constraining them from proceeding any further under the writ of fi. fa. issued therein, directed to the said sheriff, and directing him by seizure and sale of the property, real and personal, rights and credits of M. Davis McBride, to cause to be made the sum of $642,S5, with interest thereon from the 19th day of February, 1910, until paid, at the rate of 8 per cent, per annum, and an additional sum of 10 per cent, on the aggregate amount *273 of principal and interest as attorney’s fee,” and prayed for a writ of prohibition in addition to the prayer for a mandamus.
The prayer of the petition determining the extent of the right claimed.
It is limited exclusively to the $642.85.
There is no question of nullity of judgment.
The plaintiff in rule asked that the amount be fixed as stated.
It was fixed.
There is no issue before us, except as to that amount.
The Court of Appeal has jurisdiction.
1-Iad the district court refused to grant an appeal to that court, and if the relator had a right to that appeal, it (the Court of Appeal) had the power to issue the necessary writ, and the relator had the right to compel the granting of the order of appeal. Article 104 of the Constitution.
Having chosen not to take an appeal to the tribunal having jurisdiction, the relator is without right to invoke the supervisory jurisdiction of this court.
Without adding other grounds, the court deemed the foregoing sufficient to sustain the conclusion expressed.
For reasons stated, relator’s demand is denied and his petition dismissed.