LAND, J.
A final judgment was rendered in favor of the plaintiff- in the above-entitled suit, from which the relator obtained an order of appeal to the Court of Appeals in and for the parish of St. Tammany. Relator did not perfect the appeal by giving bond,, and in due course execution issued, under-which the sheriff seized and advertised for sale two certain pieces of real estate as the property of the relator. Whereupon the relator brought suit to annul the judgment, and to enjoin the sale. The judge a quo refused to grant the injunction, and thereupon the relator applied to this court for a mandamus to compel the said judge to grant, the injunction as prayed for, and the usual rule nisi issued. The respondent judge has filed a lengthy return to the writ, in which he gives a detailed history of the case of Heintz v. Hold, showing that, after due notice and hearing, judgment was rendered in favor of the plaintiff on the evidence adduced on the trial of the cause, from which the relator was granted an appeal to the Court of Appeals, and that relator has not perfected said appeal by giving bond, and the return day has- expired.
Relator’s remedy was by appeal to the Court of Appeals from the order 'refusing the writ of injunction, or by application to said court for mandamus or other remedial writ.
The supervisory jurisdiction of the Supreme Court will not -be exercised where the relief sought may be obtained from an inferior appellate court with jurisdiction over •the particular case. State ex rel. Sample, v. Judge, 43 La. Ann. 936, 9 South. 899; Bank of Houma v. Citizens’ Ice & Mfg. Co., 129 La. 270, 55 South. 879.
It is therefore ordered that the rule nisi and restraining order herein issued be discharged, and relator’s application be dismissed, with costs.