BREAUX, C. J.
The relators are a justice of the peace, and the constable of his court— in and for the third ward of the parish of St. Tammany — and J. R. Bangents, and 62 other persons named in the petition.
They averred that they had been made defendants in a suit brought by the St. Tammany Lumber Manufacturing Company against creditors of A. W. Stewart.
It appears that suits were instituted by Bangents, Conn, Bristen, East, and Johnson before the court of the justice of the peace, Pechón, one of the relators in these proceedings, against A. W. Stewart and the St. Tammany Lumber Manufacturing Company.
December 31, 1913, other petitioners brought similar suits before the same court, claiming similar relief for amount alleged due.
*375 The St. Tammany Lumber Manufacturing Company then appeared and bonded the first 13 of the suits on the 31st day of December, 1913, and January 1, 1914.
The St. Tammany Lumber Manufacturing-Company about this time applied to the Twenty-Sixth judicial district court for an order allowing it to deposit $S00 as amount claimed by relators, thereby attempting, as relators alleged, to consolidate all suits against it and A. W. Stewart for labor in an alleged proceeding in concursus, and ordering a stay of proceedings, and commanding these different plaintiffs in the magistrate’s court to interplead in the proceedings in the district court. They refuse to interplead in the concurso, and, in consequence, this application of the relators is addressed to this court. They further complainingly allege that the St. Tammany Lumber Manufacturing Company obtained an order requiring the relator, justice of the peace, to show cause on the 7th day of January why he should not be punished for contempt in issuing the remainder of the writs of provisional seizure in his court.
The district court issued a writ of injunction against the magistrate, inhibiting him from proceeding further. Relators interposed' exception to the court’s action for want of jurisdiction. The court -arraigned the magistrate, pronounced him guilty, enjoined him again from proceeding further, and inflicted a severe reprimand on the theretofore recalcitrant magistrate.
'Relators recite their woes at some length; complain of the alleged unwarranted exercise of jurisdiction'of the district court. Relators allege that the St. Tammany Lumber Manufacturing Company is a third party whose property is held under execution; that the remedy of the company is by appeal to the district court.
Under the articles of the Constitution, the Court of Appeal, and not this court, has jurisdiction. The claim of relators individually or collectively is less than $2,000.
The proposed concurso of the St. Tammany Lumber Manufacturing Company will not amount in the aggregate to $2,000.
There is a right of appeal under article 98 of the Constitution, and that court has in addition the authority to issue writs of mand'amus, prohibition, and certiorari, to which relators may resort. Article 104.
It being evident that the Court of Appeal has jurisdiction, relators’ application denied, and their petition is dismissed.