O’NIELL, C. J.
 

 This is a mandamus proceeding to compel the judge of the civil district court 4o grant an appeal from an order dissolving a temporary restraining order and refusing to issue a writ of injunction.
 

 The purpose for which the injunction was sought was to restrain the execution of
 
 *401
 
 a judgment for a sum less than $2,000. The case is therefore within the appellate jurisdiction of the Court of Appeal, not of this court. Relator, therefore, asks that we order the judge to grant the appeal to the Court of Appeal. Our answer is that the petition for mandamus should be addressed to the Court of Appeal. That court has au-a thority to issue writs of certiorari and mandamus in aid of its appellate jurisdiction. See section 2 of article 7 of the Constitution. Under section 10 of the same article of the Constitution, the Supreme Court has control and general supervision over all inferior courts, even in cases of which another court has appellate jurisdiction. But we do not exercise such jurisdiction when the relief sought is directly in aid of the appellate jurisdiction of another court, as, for example, when the complainant undertakes to compel the court of original jurisdiction to grant an appeal or to fix an appeal bond. State ex rel. Sample v. Judge, 43 La. Ann. 934, 9 So. 900; State ex rel. Sample v. Judge, 43 La. Ann. 936, 9 So. 899; State ex rel. Rocchi v. Judge, 45 La. Ann. 532, 12 So. 941; Bank of Houma v. Citizens’ Ice & Mfg. Co., 129 La. 270, 55 So. 879; Heintz v. Hold, 132 La. 859, 61 So. 850; St. Tammany Lumber Mfg. Co. v. Stewart’s Creditors, 134 La. 374, 64 So. 145.
 

 Relator avers that, in his petition to the civil district court, praying for the writ of injunction, and again in his petition for an order of appeal, he contended that, in so far as the Act 29 of 1924 purported to deny- the right to a writ of injunction, and in so far as the act purported to deny him the right to a suspensive appeal from the order refusing an injunction, the act was unconstitutional. He avers that, on the question of constitutionality of the statute, the case is appealable to this court. Hence he prays that
 
 an
 
 appeal be ordered granted to this court on the question of constitutionality of the statute, and to the Court of Appeal on all other issues in the case. Our answer is that the judge of the civil district court did not declare the statute unconstitutional. On the contrary, by his ruling that relator was not entitled to the injunction, and again by his refusal to grant an appeal from his order refusing the injunction, he held, by implication at least, that the statute was valid. In cases that are appealable to this court only on the question of constitutionality of a statute, it is only when the statute is adjudged unconstitutional that the ease is appealable to this court. Const. art. 7, § 10; State ex rel. McMain v. Town of Pollock, 108 La. 594, 32 So. 558; State v. Hunter, 114 La. 939, 38 So. 690; State v. Yazoo & M. V. R. Co. 116 La. 189, 40 So. 630; State v. Price, 124 La. 670, 50 So. 647; State v. Kramer, 127 La. 1033, 54 So. 341; Young v. Crowley, 131 La. 780, 60 So. 242.
 

 As it is the province of the Court of Appeal, not of this court, to say, primarily, whether relator has a right of appeal to that court, we do not now express an opinion on the question.
 

 The relief prayed for is denied, at relator’s cost.