No. 2715

Second Circuit

STATE EX REL. G. T. HAYES v. STEPHENS, AS JUDGE, ETC.

(May 22, 1926, Opinion and Decree)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Courts—Par. 127.**

Under the constitution of 1921 Article VII authority to issue remedial writs is given the Court of Appeal only in aid of its appellate jurisdiction.

This is an application by the State of Louisiana, on the relation of G. T. Hayes, for writs of certiorari, mandamus and prohibition, directed to the Hon. J. H. Stephens, as one of the judges of the First Judicial District Court of Louisiana, in and for the Parish of Bossier.

Petition dismissed for want of jurisdiction.

W. W. McDonald, of Shreveport, attorney for relator.

Petitioner alleges that he was defendant, appellant, in a certain suit pending in said court on appeal from the Justice of the Peace's court for the sixth ward of Bossier parish entitled Drew Alford vs. G. T. Haynes and numbered 9772 on the docket of the court; that the case was fixed for trial in the District Court for April 28, 1926, and was called for trial; that petitioner's attorney, Hon. W. W. McDonald, was at the time unavoidably and unexpectedly absent from the court and notwithstanding that fact the trial of the case was taken up and petitioner's appeal was dismissed by the court.

That petitioner duly filed in the district court a motion to have the judgment dismissing his appeal set aside and to have the case reinstated on the docket of the court for trial on the ground of the unavoidable and unexpected absence of his attorney from court when his case was called for trial but that his motion was overruled.

He prays for writs of certiorari, mandamus and prohibition directed to the Hon. J. H. Stephens as one of the judges of the First Judicial District Court of Louisiana in and for the Parish of Bossier order-

ing the record in the case sent up to this court for review, prohibiting him from permitting execution of the judgment appealed from, and commanding him to reinstate the case on the docket of the district court for trial.

The court is not asked to issue these writs in aid of its appellate jurisdiction, and it has no supervisory jurisdiction over inferior courts.

Authority to issue remedial writs is given this court only in aid of its appellate jurisdiction.

Constitution of 1921, Article VII.

As the writs are not being sought in aid of the appellate jurisdiction of this court, it follows that petitioner's application must be dismissed for want of jurisdiction in this court to grant it.

Lavoy vs. Toye Bros. Auto, Etc., Co., 159 La. 209, 105 South. 292.

Petition dismissed for want of jurisdiction.