ST. PAUL, J.
 

 This is the aftermath of our decision in First National Bank v. Hebert, 162 La. 703, 111 So. 66 (decided November 29, 1926).
 

 
 *379
 
 I.
 

 Relator’s (defendant’s) property was seized by tbe sheriff, and sold under executory process (foreclosure proceedings). The property was bid in by the bank, and sold by it to one Dartez.
 

 When the bank and Dartez attempted to take possession of the property, relator filed a suit to annul the
 
 sale
 
 on the ground that the bank and Dartez had (in contemplation of law) colluded to suppress bidding at the sheriff’s sale, and he prayed that the sheriff be enjoined from executing the writ of possession issued against him.
 

 A preliminary injunction was refused by the court below, whereupon relator took a devolutive appeal.
 

 On that appeal the judgment of the lower court refusing a preliminary injunction was reversed, and our decree was that such an injunction Should issue. But that decree must be read in the light of the opinion on which it is based, wherein we, said:
 

 “If the bank has taken possession of the property, a preliminary injunction will serve no purpose. * * * He (defendant) is entitled to the writ, if it is not too late. * * * ”
 

 II.
 

 It now .develops that, pending that devolutive appeal, the writ of possession was lawfully executed, and Dartez put in possession of the property.
 

 When our decree reached the court below, the relator applied to the district judge for a preliminary injunction “commanding and ordering the sheriff of Vermillion parish to eject and dispossess the First National Bánk of Abbeville and Laurent Dartez, and to reinstate your applicant [Hebert] in the full and peaceful possession thereof [to wit, of said premises]; and that said sheriff of Vermillion parish, the First National Bank of Abbeville, and Laurent Dartez be enjoined and restrained from further disturbing your applicant in the peaceful possession of said property. * * * ”
 

 III.
 

 It is elementary that a judgment which has not been appealed from suspensively maybe executed pending a devolutive appeal therefrom. It was therefore lawful for the sheriff to put the bank and Dartez in possession of the property, notwithstanding the devolutive appeal taken by Hebert.
 

 This we well knew when we said: “If the bank has taken possession of the property a preliminary [prohibitory] injunction will serve no purpose;” and that Hebert was-entitled to the writ, “if not too late.”
 

 Manifestly we were speaking of the writ only in the
 
 prohibitory
 
 form, and for the purpose of preserving the status quo as it existed at the time the writ was applied for, which was all that was then before us. We did not decide, and from what we said it is clear that we did not intend to decide, that the writ should issue in the
 
 mandatory
 
 form for the pilrpose of changing a status which we foresaw might lawfully have arisen pending our action on the devolutive appeal.
 

 IV.
 

 In Ouachita National Bank v. Shell Beach Construction Co., 154 La. 709, 98 So. 160, and again in Hoffman-Olsen, Inc., v. Northern Lumber Mnfg. Co., 160 La. 839, 107 So. 593, we recognized that a devolutive appeal (or even a suspensive one) from an order refusing a preliminary prohibitory injunction, although allowed by law, was neither an adequate nor an appropriate remedy to obtain the relief sought in an effective manner; and we pointed out that the only effective relief to be obtained in such cases was by application to this court under its general supervisory jurisdiction.
 

 This relief, although open to the relator, was not sought by him. And the consequence
 
 *381
 
 is that he is now exactly in the same position as if he had never applied for an injunction, but had voluntarily surrendered the property, and simply brought suit to annul and avoid the sheriffs sale.
 

 V.
 

 It is clear, therefore, that what he is now seeking is primarily a
 
 mandatory
 
 injunction to restore a condition existing when he applied for the prohibitory injunction which was refused by the court below, and which condition has been
 
 Imofully
 
 changed in the meanwhile. Hence his authorities to the effect that a
 
 mandatory
 
 injunction will issue of right to restore a condition
 
 unlawfully
 
 changed in violation of a prohibitory injunction have no application whatever to the case before us.
 

 VI.
 

 And it is too well settled to require any citation of authorities that
 
 in all other eases
 
 a mandatory injunction will issue only after a trial on the merits. See, however, Board of Commissioners v. Iberia & Vermillion R. R. Co., 117 La. 940, 42 So. 433, and Black v. Good Intent Tow Boat Co., 31 La. Ann. 497.
 

 In this case, notwithstanding that it appeared to us as if -a full trial on the merits had been had, the fact remains that there was no trial of the merits, but only of a rule to show cause, wherein the court seems to be given by law (Act 29 of 1924, p. 42) much discretion as to the amount and nature of the evidence ■ which it will hear.
 

 We therefore conclude that the trial judge properly refused to issue the mandatory injunction prayed for before a full and final hearing on the merits.
 

 Decree.
 

 The preliminary rule herein issued is therefore discharged, and it is now ordered that relator’s application be denied.