OVERTON, J.
 

 Act 190 of 1918 reads as follows:
 

 . “Section 1. Be it enacted by the General Assembly of the state of Louisiana, that when any decree has been rendered by any Court of Appeal, or by the Supreme Court, any party to the suit in which said decree may have been rendered shall have the right to demand a copy of the said decree, and to have same registered in either the mortgage or conveyance office of any parish in this state without regard to whether an application for a writ of certiorari or review, or for a rehearing, has or has not been made.
 

 “Sec. 2. Be it further enacted, etc., that the-registry of a decree according to the provisions of section 1 of this act shall operate as a judicial mortgage, or as a recognition of title, or otherwise, according to the terms of said decree, and shall continue to have that effect unless set aside or modified by the final decree in the proceeding.
 

 “Sec. 3. Be it further enacted, etc., that nothing in this act shall be construed to permit a writ in execution of a decree to issue until said decree is final.
 

 “Sec. 4. Be it further enacted, etc., that all laws or parts of laws in conflict with the provisions of this act be and the same are hereby repealed.”
 

 The. Court of Appeal rendered a moneyed judgment in favor of plaintiff and against defendant in the above-entitled cause. Before the judgment became final, plaintiff, availing himself of. the foregoing act, procured a copy of the judgment, which he presented for registery to the recorder of mortgages for the parish of Orleans, at the same time tendering to him the requisite sum to pay for the registery of the judgment. The recorder refused to register the judgment. Plaintiff then, in the same case in which the judgment was rendered, while an application, for a rehearing was pending, applied to and obtained from the Court of Appeal a rule directing the recorder to show cause why he should not be required to register the judgment.
 

 The recorder appeared and excepted to the jurisdiction of the Court of Appeal to issue and decide the rule, and also urged as a defense that under the law he should not register the judgment, and should not be required to do so, because it does not give the Christian name of defendant, but describes him only as “J. J. Kearney.”
 

 On the same day that a rehearing was refused on the demand against Kearney for a moneyed judgment, the Court of Appeal heard the rule directing the recorder to show
 
 *847
 
 cause, the hearing resulting in a judgment overruling the plea to the jurisdiction and making the rule absolute. The judgment is now before us for review.
 

 We find it necessary to pass only upon the plea to the jurisdiction. Section 29 of article 7 of the Constitution of 1921 reads as follows:
 

 “The Courts of Appeal, except as otherwise provided in this Constitution, shall have appellate jurisdiction only, which jurisdiction shall extend to all cases, civil and probate, of which the civil district court for the parish of Orleans, or the district courts throughout the state, have exclusive original jurisdiction, regardless of the amount involved, or concurrent jurisdiction exceeding one hundred dollars, exclusive of interest, and of which the Supreme Court is not given jurisdiction, except as otherwise provided in this Constitution, and all appeals shall be both upon the law and the facts.”
 

 Section 77 of article 7 of the Constitution' of 1921 reads as follows:
 

 “The jurisdiction of the Court of Appeal for the Parish of Orleans shall be the same as that of the Courts of Appeal for the First and Second Circuits [referring to Section 29, quoted supra], except as otherwise provided herein for appeals from the city courts for the parish of Orleans.”
 

 Section 2 of article 7 of the Constitution of 1921 reads as follows:
 

 “The Supreme Court, the Courts of Appeal, and each of the judges thereof, subject to review by the court of which he is a member, and each district judge throughout the state, including judges of the civil and criminal district courts in the parish of Orleans, may issue writs of habeas corpus, in behalf of any person in actual custody in cases within their respective jurisdictions; and may also, in aid of their respective jurisdictions, original, appellate, or supervisory, issue writs of mandamus, certiorari, prohibition, quo warranto, and all other needful writs, orders and process, and where any of said writs are refused, the appellate courts shall indicate the reasons therefor.”
 

 From the foregoing provisions of the Constitution it appears that the Court of Appeal for the Parish of Orleans has appellate jurisdiction only, with the exception of the right to issue the writ of habeas corpus, and the right to issue in aid of its jurisdiction, which is appellate only, save as here stated, writs of mandamus, certiorari, prohibition, and other needful orders and process. Therefore, as the Court .of Appeal for the Parish of Orleans has appellate jurisdiction only, save as above stated, the question is resolved into whether the rule that issued was in aid of the appellate jurisdiction of that court, for the limited original jurisdiction which it possesses is not here involved.
 

 In our opinion, the rule was not in aid of the appellate jurisdiction of that court. The fact that the recorder refused to register the judgment could not affect in any manner the jurisdiction of that court, which was appellate only, over the case in which the judgment was renderéd. The right, if it existed, to have the judgment registered in the mortgage office, is a right distinct from the appeal, and not inseparately connected with it. It is one which should have been enforced independently of the appeal by proceedings begun in a court possessing original jurisdiction, in this instance the civil district court for the parish of Orleans.
 

 The present case is unlike the cases of Dannenmann & Charlton v. Charlton, 113 La. 276, 36 So. 965, Cluseau v. Wagner, 126 La. 375, 52 So. 547, and Daly v. Brock, 133 La. 752, 63 So. 318, cited by plaintiff, and relied on by the Court of Appeal in overruling the plea to the jurisdiction. In the Dannenmann & Charlton Case a moneyed judgment was recovered in the trial court, and recorded in the mortgage records, while a suspensive appeal was pending in this court from the judgment rendered. In each of the remaining cases cited, moneyed judgments were obtained in the trial court, and recorded in the mortgage records prior to the taking of a suspensive appeal. In each of these cases the appellant proceeded by rule in this court to force the appellee and the recorder of mortgages to cancel the inscriptions of the ^judgment. This court, in each of those eases,
 
 *849
 
 held or considered that the registry of tie judgments was a partial execution of them, in violation of the right of suspensive appeal, and maintained jurisdiction in order to preserve intact the suspensive appeal in feach case, and to prevent any interference with it. The facts in the present ease are entirely different. Here there was no partial execution of the judgment, which was rendered for the first time on appeal, and no interference with the appeal. Here the issue simply is whether the Court of Appeal has jurisdiction, in a proceeding commenced before it, to force the recorder of mortgages to register in the mortgage records a judgment rendered by it while the appeal in the case is still pending. To this we answer no, and do so because the proceeding is not in aid of the appellate jurisdiction of-the court.
 

 For these reasons, the judgment under review is annulled and set aside, the exception to the jurisdiction is sustained, and the rule issued by the Court of Appeal is dismissed.
 

 O’NIELD, C. J., concurs in the decree, but doubts the correctness of the proceedings in the three cases cited, Dannenmann & Charlton v. Charlton, Cluseau v. Wagner, and Daly v. Brock.