No. 351

First Circuit

## WALL ET AL. v. TANGIPAHOA SCHOOL BOARD

(November 10, 1928. Opinion and Decree.)

Ellis, Ellis & Ellis, of Amite, attorneys for plaintiff, applicant.

S. S. Reid, of Amite, attorney for defendant, respondent.

ELLIOTT, J., concurs in the opinion for written reasons.

MOUTON, J. The defendant School Board of Tangipahoa, passed a resolution, August 8, 1928, authorizing children from the second and fourth wards of that parish to attend school at Sunny Hill, Washington parish; and, for the cost of their tuition appropriated a sum not to exceed $18,000.00 to be paid to the School Board of Washington Parish..

Plaintiffs applied to the District Court of Tangipahoa for a rule commanding the defendant board to show cause why a restraining order should not issue prohibiting permits to the children of Tangipahoa to attend school at Sunny Hill, Washington Parish, and the paying of any money to the School Board of Washington from the funds which had been set aside by defendant Board for the tuition of the children that might attend the Sunny Hill school. Plaintiffs prayed that the rule, after hearing, be made absolute. The injunction was refused by the District Court.

Plaintiffs apply to this Court for writs of certiorari, prohibition and for a mandamus to compel the District Judge to issue an injunction prohibiting defendant Board from applying the funds appropriated by it for the purpose hereinabove stated.

In their petition plaintiffs allege that they have no right to a suspensive appeal, and that the only remedy remaining to them is through the writs for which they pray. This allegation precludes the possibility of plaintiffs seeking any relief by either a suspensive or devolutive appeal. It is only in aid of our appellate jurisdiction that we can issue writs of prohibition, certiorari or mandamus, Ricobono vs. Kearney, 164 La. 844, 114 So. 707. As it appears from the allegation of the petition above referred to, that no appeal is asked for, or will be asked, we have no jurisdiction authorizing us to issue the writs.

In T. Hoffman-Olsen, Inc., vs. Northern Lbr. Mfg. Co., 160 La. 839, 107 So. 593, the Court on page 848 of the decision, in referring to the judgment below refusing the injunction, said:

"That no suspensive appeal would lie from such a judgment, even if it would afford the relief sought, but that a devolutive appeal only, would be taken."

The Court then says:

"As relates to a devolutive appeal, it is obvious that it would not afford adequate relief."

This is precisely the situation here. In the case above quoted, the Court then concludes on this subject by saying:

"Therefore if any relief is to be given, it must be given under our supervisory jurisdiction."

This Court having no supervisory jurisdiction cannot grant the relief demanded. The application for the writ is denied.

---

ELLIOTT, J., concurring.

I concur in the opinion that the writ of mandamus should be refused. I do so, however, on the following grounds: The object of the suit in the lower court is to annul a School Board Ordinance of the Parish of Tangipahoa adopted by a majority vote, under which the children of certain parents, living in the Parish of Tangipahoa near the parish line, are sending their children to school at Sunny Hill in Washington Parish; and the annulment would result in more harm than good to these children for the present school year.

The record shows that certain school children in Tangipahoa Parish have been going to the Sunny Hill school for many years. The Sunny Hill school is near the parish line and nearest to the homes of the children in question. These parents wish to send their children there on that account. No objection by the School Board authorities of Tangipahoa Parish formerly existed to this attendance, but now the School Board member from the second ward of Tangipahoa Parish, in which most of the children live and certain other citizens, residents of Tangipahoa Parish, are

opposed to the children attending the Sunny Hill school, and to the payment to the Washington Parish school authorities, of the money appropriated for that purpose.

After the children from Tangipahoa Parish had been attending the school at Sunny Hill for some time, the question was voted on by the Tangipahoa Parish School Board and four members voted for the continuance of the present arrangement for the current year, and two against it.

The ordinance reads in part:

"Whereas we have led the people up to the point of the opening of the school, we would allow them to go on to Sunny Hill for this season 1928-1929 and then means to be arranged for another year, namely, with the understanding that they go to school in Tangipahoa Parish, etc."

If the injunction is compelled it will interfere with what the School Board has done in providing for school children in the locality, for the present year, result in a change of the transfer arrangements entered into under which the children in the second ward attending the Sunny Hill school may not be taken to the school at Spring Creek, and the result would be that those going to Sunny Hill would almost surely be taken out of school for this year.

The Constitution of 1921, Section 11 of Art. 12, places the public school under the joint power of the Legislature and the State Board of Education.

The State Board of Education exists by virtue of the Constitution Section 4 of Art. 12.

The Act 100 of 1922, Sec. 20 (Amd. Act 100 of 1922) gives discretion to Parish Boards to locate school houses, and to see that the provisions of the law on the subject are complied with. Section 21 gives them discretion in regard to "adequate school facilities of the children," etc.

The relators depend on Section 59 (Amd. Act 16 of 1924) to justify the injunction. This section must be understood in connection with the other provisions of Act 100 of 1922 on the subject.

An injunction applied for under Section 59 (Amd. Act 16 of 1924) in view of the other and discretionary provisions vested in school boards under Act 100 of 1922, and at a time when the injunction would operate to the detriment of the children at Sunny Hill for the present term, presents a different situation than would be the case if the injunction had been applied for at a time when no detriment would have resulted.

I concur in the judgment refusing the mandamus for the above reason.