No. 653

First Circuit

———

STATE OF LOUISIANA EX REL. TRUXILLO v. GILBERT ET AL.

——

(May 6, 1930. Opinion and Decree.)
(June 9, 1930. Rehearing Refused.)

———

Chas. T. Wortham, of Donaldsonville, attorney for applicant.

George R. Blum and C. C. Weber, of Donaldsonville, and Philip H. Gilbert, judge of the Twenty-third Judicial District in person, attorneys for respondent.

LeBLANC, J. On March 17, 1930, Caleb C. Weber, applied to and obtained from the district judge an order of executory process on a mortgage note of $700 made and indorsed in blank by Harvey J. Truxillo.

He alleged himself to be the holder and owner thereof for a valuable consideration and before maturity. Three days after the order was issued, Truxillo, through his counsel, obtained from the court a temporary restraining order with a rule nisi directed against Weber, and ordering him to show cause in open court on March 29, 1930, at 10 o'clock a. m. why a preliminary writ of injunction should not issue, without bond, to prevent the sale of his property under the order of executory process which had issued.

The petition of Truxillo for a temporary restraining order and rule nisi alleged, in substance, that the note sued on had been executed and given by him to Weber to secure a surety company against loss for having signed his bond in some previous litigation in which Weber had represented him. That the suit in which the bond had been executed had been dismissed, consequently all liability on the bond had come to an end, and the purpose for which the note was given having been served, it had become extinguished and should have been returned to him by Weber, who, instead had, without warrant or right in law, appropriated it to himself.

The rule was tried on the date it had been made returnable, and, after hearing considerable evidence, the district judge refused to grant the preliminary injunction. The temporary restraining order by its own terms expired the same day.

On April 4, 1930, Truxillo applied to this court for a writ of mandamus to compel the district judge to grant the injunction pendente lite which he had prayed for in his petition of opposition to the executory process. An order was issued directing the district judge to show cause in this court on April 14, 1930, why the mandamus should not issue, and also staying all proceedings pending the hearing of the application.

In his answer to the rule, the respondent judge details at considerable length all the proceedings in the case, reviews the evidence, and then justifies his action in refusing the injunction after being convinced that the applicant had not supported his allegations with proper proof, and believing that he was following the established rules of practice and procedure in this state, especially since the enactment of Act No. 29 of 1924, known as the Injunction Law.

Most of the argument on both sides is devoted to a discussion of the effect of the Injunction Law in cases where the injunction is asked for in sales under executory process under article 739 of the Code of Practice. In such cases of course, under the former practice, the injunction issued as a matter of right, and without bond. Much is said also about how far the district judge should go in hearing and passing on the evidence in the trial of a rule nisi under the act, and the effect to be given to his judgment when refusing the injunction. The discussion is interesting and instructive, and might be of great benefit in settling a rather perplexing question which frequently confronts the appellate court in these cases. The condition we referred to is the one brought about, as stated by the Supreme Court, in the case of First National Bank v. Hebert, 162 La. 703, 111 So. 66, 69, "because of the circuitous and anomalous practice that is required by the Act 29 of 1924" which allows evidence to be introduced on the trial of a

rule to show cause why a preliminary injunction should not issue, and amounts virtually to a trial and disposition of the case on its merits "although, ostensibly, all that was tried or decided was the rule to show cause why the preliminary injunction should not issue." However, interesting and illuminating though it may be, the discussion does not serve much purpose before this court, at this time, if we are to follow the ruling made in the case of Wall et al. v. Tangipahoa School Board, 9 La. App. 178, 119 So. 371. By reference to that case it will be observed that the same condition prevailed as exists in this case. Although, on a different cause of action, a rule nisi for a preliminary injunction had been tried and the district judge had refused to grant it. Application was made to this court for writs of certiorari and prohibition, and for a mandamus to force the district judge to issue the injunction. Applying the ruling made by the Supreme Court in the case of T. Hofman-Olsen, Inc., v. Northern Lumber Mfg. Co., 160 La. 839, 107 So. 593, 596, that if any relief was to be given in cases of this kind it had to be given under its supervisory jurisdiction, we denied the application, as this court has no supervisory jurisdiction. Our right to issue writs of prohibition, certiorari, and mandamus is limited. It is only in aid of our appellate jurisdiction that we have the power to issue them. Riccobono v. Kearney, 164 La. 844, 114 So. 707. In this case, as in the Wall v. School Board case, supra, the applicant has precluded his rights to a suspensive appeal by alleging in his application that no suspensive appeal lies from an order refusing to grant an injunction. As a matter of fact the injunction act, Act No. 29 of 1924, under which he proceeded denies him that appeal. As for a devolutive appeal, the same can be said of it here, as was said by the Supreme Court in the Hofman-Olsen, Inc., v. Lumber Co. case, supra:

"It is obvious that it would not afford adequate relief."

It is apparent therefore that there will be no appeal, and, in the absence of any, we are without right to entertain the application for the writs.

As we cannot grant the relief demanded, the application for the writ is denied, and the order heretofore granted on April 4, 1930, staying all proceedings in this matter, is hereby recalled.

ELLIOTT, J. (dissenting). The opinion of the majority of the court states the facts necessary to the understanding of the situation, except that it ought to appear that Weber, in response to the rule nisi, put at issue all the averments in the petition for injunction, averred ownership of the note in himself, with right to enforce payment, etc.

On the trial of the rule, Truxillo, as a witness in his own behalf, testified to the facts alleged in his petition for injunction and offered some further evidence, and Weber, as a witness in his own behalf, testified in support of his contentions and offered some further evidence.

Taking the testimony of Truxillo to be true, he showed preliminarily a prima facie right to the injunction prayed for, and that is all that the law intends on the trial of a rule under the Act No. 29 of 1924, when the prayer is for an injunction, under Code Practice, art. 740 et seq., without bond.

The respondent judge refused to grant the preliminary injunction provided for by Act No. 29 of 1924, holding that:

"The evidence does not support the allegations of the petition for injunction, that no case has been presented for the issu-

ance of said injunction and the law and the evidence being in favor of the plaintiff in the foreclosure proceedings and against the defendant, it is therefore ordered adjudged and decreed that the application for an injunction herein be and the same is hereby denied," etc.

Truxillo moved for, and was granted, a devolutive appeal to this court. The record does not show any appeal bond, but the bond may yet be filed. Truxillo then petitioned this court for writs of mandamus and certiorari.

As the law does not allow a suspensive appeal from the judgment, and as the devolutive appeal would not serve to save the situation, his averment of irreparable injury is established, because unless the sale of his property is stayed until the merits of the controversy between him and Weber can be heard, the sheriff will sell the property, deprive him of his possession and title, and pay the proceeds of same over to Weber, although the allegations in the petition for injunction may be true.

The appellate jurisdiction of this court is apparent, and Truxillo has a constitutional right to invoke it and claim his right and petition the aid of the court in order to render it an available remedy. There is no other adequate remedy, consequently it is the duty of this court to do whatever is necessary to render an appeal to this court on his part an adequate remedy.

The issues of fact, brought forward by the petition for injunction and the answer thereto, involve the merits of the controversy between Weber and Truxillo.

The Code Practice, arts. 739-743 et seq., contemplate that an injunction granted without bond shall not be finally refused, except after trial on the merits.

But the respondent judge has, by his action on the rule holding "that the evidence does not support the allegations of the petition for injunction, that no case has been presented for the issuance of said injunction and that the law and the evidence is in favor of the plaintiff in the foreclosure proceedings and against the defendant" and from which there is no suspensive appeal, and a devolutive appeal will not preserve the status quo, practically taken these articles out of the law because he has not given them any effect. The trial on the merits which they provided for cannot be reached in this case because Truxillo has been defeated in advance and without having been heard on the merits. His right to an appeal has also been defeated, without his fault, because of the action of this court in holding that it will not issue an order necessary to make an appeal on the merits an effective remedy. I do not see any force in the contention that this court has not the power to issue the writs prayed for when necessary to enable a litigant to conserve his rights, until same can be tried on the merits in the lower court and then heard on appeal in this court.

The Supreme, as well as other courts, possess the powers which are necessary for the exercise of the jurisdiction given to it by law, in all cases not expressly provided for by the present Code. Code Practice, arts. 877 and 130. The Supreme Court has often decided that this court, in cases appealable to it, has power and authority to do what is necessary in order to effectively exercise the jurisdiction conferred on it by the Constitution. State ex rel. Sample v. Judge, 43 La. Ann. 936, 9 So. 899; Troegel v. Judge, 46 La. Ann. 421, 15 So. 410; Bank of Houma v. Citizens' Ice & Mfg. Co., 129 La. 270, 55 So. 879; Heintz v. Hold, 132 La. 859, 61 So. 850; St. Tammany Lumber Mfg. Co. v. Stewart's Creditors, 134 La. 374, 64 So. 145; Day et al. v. Helena Lumber Co., 142 La. 410, 76 So. 820; Paul v. Tabony, 157 La. 400, 102 So. 503.

The case last cited seems to decide the very question being discussed. And since the enactment of Act No. 29 of 1924, the Supreme Court has had occasion, in a number of instances, to act just as we are called on to act, in aid of its appellate jurisdiction, by compelling the lower court to grant a preliminary injunction preserving the status quo, when it had improperly refused to do so on a preliminary hearing. Marcy v. Mandich, 158 La. 15, 103 So. 389; T. Hofman-Olsen, Inc., v. Northern Lumber Mfg. Co., 160 La. 839, 107 So. 593; Wachsen v. Commission Council of Lake Charles, 162 La. 823, 111 So. 177; First National Bank of Abbeville v. Hebert, 163 La. 378, 111 So. 792; Blanchard v. Haber, 163 La. 627, 112 So. 509, and others.

The case Wall v. School Board of the Parish of Tangipahoa, 9 La. App. 178, 119 So. 371, may be explained, as it appears that the petition prayed this court to set aside and supervise certain proceedings of the school board but not in aid of an appeal to this court, whereas in the case now before us, the purpose is to conserve rights, so that the law and the facts on the merits of a controversy may be effectively appealed to this court.

The Act No. 29 of 1924 takes the provisions of the Code Practice on the subject of executory process into account and makes no change in the procedure, except to require a prima facie preliminary contradictory showing.

I think the writs of mandamus and certiorari prayed for should be issued in the case before us, that the preliminary injunction prayed for should be ordered granted, and I dissent from the action of the majority of the court in ruling otherwise.