## STATE ex rel. BOURGEOIS et al. v. BUTLER, Judge, et al.

### No. 1072.

Court of Appeal of Louisiana. First Circuit.

Dec. 6, 1932.

Caleb C. Weber, of Donaldsonville, for applicant.

Charles T. Wortham, of Donaldsonville, for respondent.

LE BLANC, J.

The several plaintiffs in this suit, who are alleged to be the commissioners of the New River Drainage District in the parish of Ascension, instituted this proceeding in which they seek to enjoin the several defendants, who, it appears from the petition, also claim

to be the commissioners of the district, from exercising or performing any of the acts or duties appertaining to the office and from attempting to possess or hold in any way the said office of commissioner.

On application made to him, the district judge granted a restraining order and ruled the defendants into court to show cause why a preliminary writ of injunction should not issue as prayed for and according to law. The rule was made returnable July 15, 1932, on which day it was heard and taken under advisement by the court. The restraining order was continued in force pending the decision of the issue presented by the rule with some modification to the effect that "the new board," as it is referred to in the order of court appearing in the minutes of the court, was not to be restrained from continuing works which had already been undertaken, or other emergency work that might present itself pending the decision of the rule.

By consent, as is shown by the answer of the respondent judge hereto, a decision of the matter was delayed and the rule for injunction was not decided until October 15, 1932, on which day the court rendered judgment in favor of the plaintiffs ordering the preliminary writ of injunction to issue as prayed for by them, upon their furnishing bond in the sum of $500. Counsel for defendants then without taking any further steps in the district court whatsoever served notice of his intention to apply to this court for remedial writs on behalf of his clients, which he proceeded to do at once. Because of the modifying terms of the restraining order which led us to believe that the defendants were vested with some form of authority, and, not being certain that the judgment granting the preliminary injunction had the effect of setting aside entirely the purpose the court may have had in mind in modifying the restraining order, we considered it harmless to issue the alternative writs and order the district judge to show cause why these should not be made absolute. Such an order was granted, and in the meantime all proceedings were stayed. In compliance with the order, the district judge has filed the entire record with the clerk of this court.

After carefully reading the judgment on the rule for injunction, we are convinced that there are no reservations and that the defendants were thereunder strictly enjoined from doing or performing any and all acts whatsoever in connection with the office of commissioner of the drainage district. Their recourse then was not through an application to this court for supervisory writs, because this court is without power to grant such writs except in aid of its appellate jurisdiction, and they had not moved for nor had they been refused an appeal. The proceeding being one under Act No. 29 of 1924, the law regulating the procedure and practice in respect to preliminary writs of injunction, defendants' remedy was clearly pointed out to them by section 5 of that statute, which provided a devolutive appeal as a matter of right upon their asking for it, and gave them the right, after reasonable notice to plaintiffs' attorneys of record, to apply for a suspensive appeal. Should the district judge have refused to grant the suspensive appeal, it was then, and only then, as we read the statute, that they could apply to this court for further relief.

There being no appeal asked for or refused by the lower court, and, as we see it, very little chance of there being any, as it is too late to apply for a suspensive appeal, and a devolutive appeal would not serve the defendants their purpose, the case in that respect may be said to be similar to State ex rel. Truxillo v. Gilbert, Judge, 14 La. App. 229, 128 So. 204, recently decided by this court, in which it was held that, in the absence of any appeal, and the apparent likelihood that there would not be any, we were without right to entertain the application for the writs.

For the foregoing reasons it is ordered that the alternative writ and order staying further proceedings, heretofore issued, be, and the same is, hereby recalled and set aside at relators' costs.