## BAILEY v. SPIRO. *

### No. 16510.

Court of Appeal of Louisiana. Orleans.

Oct. 19, 1936.

Fred G. Veith, of New Orleans, for relator.

Edw. S. Spiro, of New Orleans, for defendant.

McCALEB, Judge.

Isabelle Bailey, the plaintiff below, files this application for writs of prohibition, certiorari, and mandamus against Hon. W. Alexander Bahns, judge of section A of the First city court of the city of New Orleans, and Anthony Herrle, clerk of said court; the substance of her complaint being as follows:

Relatrix filed suit in the First city court against the defendant, Louis Spiro, for damages, and after trial recovered judgment in the sum of $75, plus interest and costs. Neither party appealed from that judgment. Some time after its finality, Spiro paid the judgment by mailing to the relatrix his check for the amount thereof. Relatrix contends that, in addition to the amount tendered her by Spiro, there is due to her a sum to be fixed by the court for medical expert fees, and she filed a rule against Spiro to show cause why he should not be taxed with the costs of the fee of the medical expert who testified at the trial of the case.

After hearing, the rule to tax the expert's fee as costs was dismissed and subsequently, on July 3, 1936, relatrix filed a

*Rehearing denied Nov. 4, 1936.

motion and obtained an order from the judge for a suspensive appeal to this court. This motion and order for a suspensive appeal was applied for and granted under the provisions of Act No. 156 of 1912, as amended by Act No. 260 of 1918 and Act No. 165 of 1934, which permits poor persons to litigate in our courts, without payment of costs. In due course Spiro challenged the right of the plaintiff to proceed under Act No. 156 of 1912, as amended, and moved the court to dismiss the suspensive appeal previously granted. After hearing the motion to dismiss, the judge made the rule absolute and revoked the order granted by him on July 3, 1936, allowing the relatrix a suspensive appeal.

Subsequently, on July 14, 1936, relatrix applied to the judge for another order for a suspensive appeal, which he refused to sign. Relatrix complains that the action of the trial judge was unwarranted and illegal and prays for this court to grant writs of mandamus, certiorari, and prohibition directed to the clerk of the First city court and to respondent judge of section A of the said court ordering them to prepare and transmit to this court a certified copy of the entire record of the proceedings had in the suit of the relatrix against the defendant Spiro, to the end that the validity of said proceedings may be inquired into, and that the said respondent judge be ordered and directed to cancel the judgment dismissing the suspensive appeal, and ordering the said clerk and judge to prepare and send up for consideration on appeal certified copies of the record and proceedings below.

Upon the foregoing application an alternative writ of mandamus issued herein directing the respondent judge to comply with the demand of the relatrix, or show cause to the contrary on October 5, 1936, why the relief sought should not be granted.

Upon the return day of the rule nisi the respondent judge appeared and objected to the jurisdiction of this court to grant the writs upon the ground that the jurisdiction of this court is exclusively appellate and not supervisory and that it is without power to issue them.

The respondent judge further urges that under the provisions of Act No. 156 of 1912, as amended by Acts No. 260 of 1918 and No. 165 of 1934, that the relatrix was without right to appeal suspensively in forma pauperis because the act only permits litigants in such cases to appeal devolutively.

He also claims that, inasmuch as the law does not allow him to grant a suspensive appeal in forma pauperis, the first order signed by him, by which he allowed the plaintiff to appeal suspensively, was improvidently issued and that, being without jurisdiction to grant such an order, it was his plain duty to revoke it.

Relatrix argues that the respondent judge, having previously issued the order for the suspensive appeal, which was perfected by affidavits in accordance with Act No. 156 of 1912, as amended, was without jurisdiction to revoke it because jurisdiction of the appeal had become vested in this court.

We shall treat the various points presented in their order.

█ Respecting the first point made by the respondent judge that the Courts of Appeal of this state have no supervisory jurisdiction and may issue writs of mandamus, certiorari, and prohibition only in aid of their appellate jurisdiction, the cases of State ex rel. Louis A. Majendie v. Constable of First City Court, 1 La. App. 139, J. D. Cathey, Inc., v. Henriques, 3 La.App. 323, State ex rel. G. T. Hayes v. Stephens, Judge, 4 La.App. 230; Wall v. Tangipahoa School Board, 9 La.App. 178, 119 So. 371, and State ex rel. Truxillo v. Gilbert et al., 14 La.App. 229, 128 So. 204, are directed to our attention. All of these cases hold that the courts of appeal are without supervisory jurisdiction and may only issue writs of mandamus, certiorari, and prohibition in aid of their appellate jurisdiction. The complaint here made against the respondent judge is leveled at his refusal to grant to the relatrix a suspensive appeal. Such a charge clearly involves the appellate jurisdiction of this court and for that reason it has the power and authority to issue the writs applied for. The plea to the jurisdiction is overruled.

█ The next contention made by the respondent judge is that, under Act No. 156 of 1912, as amended by Acts No. 260 of 1918 and No. 165 of 1934, he is without power and authority to grant to relatrix a suspensive appeal, and that it was proper, upon the matter being called to his attention, to rescind the order as improvidently granted. The pertinent portion of section 1 of Act No. 156 of 1912, as amended, reads: "Where a person coming

**900**

under the provisions of this act has been granted the right to prosecute or defend, or intervene in an action in the courts of this state and such party shall feel aggrieved by the judgment which may be rendered against him in such action, *such party shall have the right in cases where devolutive appeals are allowed by law, to take and prosecute a devolutive appeal from such judgment,* all without the previous payment of any court cost or the giving of a bond for court costs, and all officers, including sheriffs, clerks of court, and official stenographers shall render the usual and necessary services in connection with such appeal without the previous payment of costs or giving of court cost and appeal bonds." (Italics ours.)

Manifestly, the act above quoted speaks for itself, and no suspensive appeal is allowable to a suitor who prosecutes his appeal in forma pauperis. Compare the cases of State ex rel. Messina v. Cage, Judge (La.App.) 152 So. 399, and Wickes v. Metropolitan Life Ins. Co. (La.App.) 169 So. 101, decided June 22, 1936, on motion to dismiss suspensive appeal, wherein this court construed the terms of Act No. 156 of 1912, as amended, broadly so as to allow a suspensive appeal where the fund to be distributed was in "gremio legis."

Therefore, the respondent judge was without power to grant the relatrix a suspensive appeal, and he was correct in recalling the order. Likewise, he was right when he refused thereafter to grant to relatrix another order for a suspensive appeal.

But relatrix contends that after the judge had signed the order for a suspensive appeal he had become divested of jurisdiction and was without authority to rescind the order. This point is not meritorious. A suspensive appeal in forma pauperis, not being permitted by law, it could not be perfected by the filing of bond or affidavits in lieu thereof, and hence neither did the jurisdiction of the appellate court attach nor was the trial court divested of its jurisdiction. Compare Lewis et al. v. Federal Land Bank of N. O. et al.; 183 La. 724, 164 So. 780; Mundy v. Phillips, 157 La. 445, 102 So. 519; Davidson v. Richard McCarthy Co., Inc. (La.App.) 166 So. 504.

Finally, relatrix suggests in her brief that in any event, if the appeal is not good as a suspensive appeal, it is valid as a devolutive appeal. But relatrix is complaining of the action of the respondent

judge in revoking an order for a suspensive appeal which the judge had no authority to grant and of the judge's refusal to grant an order for a suspensive appeal. It is not shown that she has applied to the judge for a devolutive appeal, to which she is entitled under the provisions of law allowing her to prosecute her cause in forma pauperis. We cannot assume that, if she had applied to the respondent judge for a devolutive appeal, he would not have granted it.

For the foregoing reasons the alternative writs of mandamus, certiorari, and prohibition heretofore issued are recalled, and relatrix' petition is dismissed at her cost.

Alternative writs recalled; relatrix' petition dismissed.