## STATE ex rel. PERRON v. FRUGE, Judge.
### No. 1700.

Court of Appeal of Louisiana. First Circuit.
April 10, 1937.

Atlee P. Steckler, of Ville Platte, for applicant.

J. Cleveland Fruge, of Ville Platte, in pro. per.

E. H. Guillory, of Ville Platte, for respondent.

OTT, Judge.

On December 14, 1936, a judgment was rendered by default in the matter of Adraste Landreneau v. Duclide Perron, relator herein, which judgment ordered the said defendant to specifically perform an agreement of date December 13, 1935, wherein said defendant agreed to transfer certain real property in Evangeline parish to plaintiff, Landreneau, or to any person designated by him, for the consideration of $1,400, subject to a credit of $280 paid by said Landreneau, and the purchaser to assume a special mortgage on said property of $1,120 for the balance. The judgment further decreed that on the failure of said defendant, relator here, to execute a formal title covering said property to plaintiff, or any person designated by him, within fifteen days, that said Landreneau be decreed the owner of said property upon his (or the person designated by him) assuming said special mortgage.

On January 13, 1937, the defendant obtained an order for a devolutive appeal from said judgment returnable to this court on February 15, 1937. This appeal was perfected and is now pending in this court. On January 27, 1937, defendant in the aforesaid suit, relator here, filed a suit in the district court to annul said judgment. On the following day, January 28th, according to relator's petition for writs in this court, he was served with a citation to show cause on February 2, 1937, why he should not be compelled to vacate the premises described in the said judgment and deliver same to Mrs. Lelia McDaniel L. Manuel, the person designated by said Landreneau as owner under said agreement and judgment, which notice of citation was issued out of the justice court of the Third ward of Evangeline parish; that thereupon relator filed a suit in the district court of said parish against Mrs. Manuel, her agent Landreneau and the justice of the peace and constable of said Third ward, setting up that the title to the property from which he was sought to be ejected in the said justice of the peace court was in question before the Court of Appeal on the appeal taken by him and hereinabove referred to; that as the title to said real property would be brought in question in said ejectment proceedings, the said justice court had no jurisdiction of the case, and asked for an injunction to prohibit said justice of the peace, constable, and plaintiff in the suit from proceeding further in said justice court, and also praying for a rule against the justice of the peace, constable, and plaintiff to show cause why said ejectment proceeding in the justice court should not be transferred to the district court for final determination.

Relator further alleges that the district judge issued said rule against said justice of the peace, constable, and plaintiff in said ejectment suit, but when said rule came on for trial, said district judge sustained an exception of no cause or right of action filed by the defendants in said rule and dismissed relator's suit against them.

Relator has applied to this court for writs of certiorari, mandamus, and prohibition to compel the district judge to send up the record in the case, to prohibit him from dismissing relator's suit against said justice of the peace, constable, and the plaintiff in the ejectment suit, and to compel the district judge to issue alternative writs of injunction against said justice of the peace, and, in due course, a permanent injunction, staying and enjoining any further proceedings in said justice court until the final determination of the title and ownership of the property, and ordering said justice to transfer said proceedings in his court to the district court.

In response to an order issued by one of the judges of this court, the district judge has made a return in which he gives a history of the proceedings and the reasons for his actions therein. The respondent judge further alleges in his return that relator appeared in the justice court and filed pleadings therein; that on a judgment being rendered against him in the ejectment proceedings, relator took an appeal from said judgment to the district court where said appeal is now pending for trial de novo; that relator's rights can be fully protected by an appeal, and, further, that this court has no authority to issue the writs asked for by relator for the reason

that they would not be in aid of its appellate jurisdiction.

The Courts of Appeal have supervisory jurisdiction over district courts only in aid of their appellate jurisdiction and to compel district judges to perform such functions and duties as will enable litigants to obtain and perfect their appeals in those cases appealable to the Courts of Appeal. Putnam & Norman, Inc., v. Levee, 179 La. 180, 153 So. 685.

Relator has taken and perfected an appeal to this court in the suit filed against him by Landreneau. The relief which he seeks in this court by invoking its supervisory jurisdiction is not in aid of the appellate jurisdiction of this court in this case which is now on appeal before it. On the contrary, relator is asking this court to compel the district judge to issue an injunction in an entirely separate and distinct proceeding. He is also asking us to prohibit the district judge from dismissing his suit against the justice of the peace, constable, and plaintiff in the ejectment suit, which proceeding is entirely separate from the appeal now pending in this court. See Riccobono v. Kearney, 164 La. 844, 114 So. 707; State ex rel. Truxillo v. Gilbert et al., 14 La.App. 229, 128 So. 204; State ex rel. Griffin v. Morgan, 19 La.App. 709, 130 So. 868; State ex rel. Hayes v. Stephens, Judge, 4 La.App. 230; Paul v. Tabony, 157 La. 400, 102 So. 503.

For the reasons assigned, it is ordered that the alternative writs of certiorari, mandamus, and prohibition heretofore issued, be and the same are hereby recalled, and it is now ordered that the application of the relator be and the same is hereby dismissed.