## No. 9792.

### NEW ORLEANS COTTON EXCHANGE VS. BOARD OF ASSESSORS ET AL.

Proof that there has been a decrease in the values of buildings in the immediate vicinity of that, whose assessment is sought to be reduced by suit, and also a diminution in the rents of such property in the same locality, and proof likewise of extravagance in the construction of the building, so that such cost is not a proper test of its value when assessed, will justify a reduction of the assessment.

APPEAL from the Civil District Court for the Parish of Orleans. Houston, J.

Bayne & Denègre for Plaintiff and Appellee.

M. J. Cunningham, Attorney General, W. H. Rogers, City Attorney, Wynne Rogers and James Moïse for Defendants and Appellants.

The opinion of the Court was delivered by

TODD, J.   The object of this suit was to effect a reduction of the assessment on the Cotton Exchange building in this city.  The assessment complained of is that of 1885.

From a judgment of the district court reducing the assessment from $300,000 to $200,000, the State and city of New Orleans have appealed.

A similar case was before us last year touching the assessment of the same property for the year 1884, reported in 37 Ann. 423.   In that case the court declined to reduce the assessment.   Among the reasons expressed for the conclusion then reached were, substantially, that there was no proof that the cost for the construction of the building was "particularly extravagant, none that the property had deteriorated in value, or that the owner would sell it for an amount less than its cost."

In the instant case the omission of proof in the respects mentioned, and so essential to anything like a correct estimate of the value of the property has been abundantly supplied.

We have the testimony in the record of auctioneers and real estate agents and of the owners of real estate in the immediate vicinity of the Cotton Exchange, that there has been a steady decline in the values of property in that locality of more than 25 per cent, and a still greater decline in the rents of property; and in addition to this it is shown that since the assessment of 1884, that there has been a depreciation in the stock of the company of at least one hundred per cent.

It was also satisfactorily proved that there had been unnecessary extravagance in the construction of the building, and that, therefore, its cost was no proper test of its present actual value.

These considerations lead us to the conclusion that, upon the whole, there is no reason or just cause to disturb the judgment of the court of the first instance which reduced the assessment to $200,000 as before stated, and that judgment is therefore affirmed with costs.