No. 9838.
Orleans Appeal.

STATE EX REL. LOUIS A. MAJENDIE v. CONSTABLE OF FIRST CITY COURT ET AL.

(November 3, 1924, Rehearing Refused.)
(December 3, 1924, Decree Supreme Court Writ of Certiorari and Review Refused.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest, Courts, Par. 140; Laws, 68, 69, 72.**
The several Courts of Appeal of this State have no supervisory jurisdiction and may issue writs of mandamus, certiorari, etc., only in aid of their appellate jurisdiction.

In re Louis A. Majendie applying for writs of mandamus and certiorari.

Alternate writ of mandamus heretofore issued is recalled.

Paul W. Maloney, relator.

Benjamin Y. Wolf, for constable.

Relator, Louis A. Majendie, presented a petition to the Civil District Court alleging that he was the owner of a certain motor truck valued at $857.72 which had been seized by the Constable of the First City Court in execution of a *fifa* in the case of San-I-Baker Corp., Inc. vs. Louis A. Majendie, Jr., No. 121,200 of the docket of the said First City Court; that Relator had made affidavit as to the ownership and value of the seized property in the First City Court but that plaintiff had given the Constable an indemnity bond and the Constable was proceeding with the sale of Relator's property. A restraining order and rule *nisi* was prayed for upon the ground that the amount involved exceeded the jurisdiction of the First City Court and upon the court declining to issue the order as prayed for application was made to this court for writs of mandamus and certiorari.

Section 29 of Art. VII of the Constitution of 1921 declares that "The Courts of Appeal, except as otherwise provided in this Constitution, shall have appellate jurisdiction only". Sec. 10 of Art. VII of the Constitution provides that "The Supreme Court shall have control of, and general supervision over all inferior courts."

We can find no provision in the Constitution conferring supervisory jurisdiction upon the Courts of Appeal. Under Section 2 of Article VII authority is given the Courts of Appeal to issue writs of mandamus, certiorari, prohibition, etc., but only

in aid of their appellate jurisdiction. See State ex rel. Hirsch vs. Judge, 39 La. Ann. 95, 1 South. 281.

Our appellate jurisdiction is not invoked in this case and we therefore conclude we have no authority to grant the relief prayed for, consequently the alternate writ of mandamus heretofore issued is recalled and relator's petition dismissed at his cost.