ELLIS, Judge.
In this suit the plaintiff alleged that the defendant had entered into an agreement to build, complete, make and otherwise construct a dwelling house, consisting of three bedrooms, kitchen, living room and bath on Lot 19, Elm Grove Garden Subdivision, Parish of East Baton Rouge, for the plaintiff, and that pursuant to such contract the house was built and completed on or about August 1956 for which the plaintiff paid the defendant $8,000 cash. It is further alleged that on or about September, 1956, plaintiff became aware of certain defects in the structure of the building which are particularly described in the petition, and in response to an exception of vagueness the costs of these particular alleged defects are given separately, and total $2,500, which was alleged in a lump sum' as the cost of repairing these particular defects. Plaintiff alleges that she is therefore entitled to judgment in the sum of $2,500 or more. In the prayer of the petition plaintiff prays for judgment “herein in favor of the petition and against the defendant in the full sum required to fix and repair said building, together with interest thereon from date of judicial demand until paid * *
Counsel for defendant filed a plea of prescription of one year in bar of any judgment as prayed for by the plaintiff on the ground that the only contract existing between the parties was an agreement to purchase a house rather than, as alleged, an agreement to build and construct a. dwelling house. He further alleged that as the agreement to purchase was consummated by the payment of the sales price of $8,000 cash in August 1956, and plaintiff alleged that she became aware of the defects on or about September, 1956, and the suit having been filed on October 26, 1957, that plaintiff’s demands were prescribed by the prescription of one year.
The plea of prescription was taken up by the lower court and judgment rendered sustaining -same and dismissing plaintiff’s suit at her cost. An appeal was then taken to this court.
When the case came up on appeal both plaintiff and defendant filed a motion to transfer same to the Supreme Court of the State of Louisiana as the plaintiff is seeking judgment against the defendant in the full sum of $2,500 together with interest and costs.
*535 There is nothing in the petition or record to show that the amount alleged and claimed necessary to correct the alleged defects is manifestly fictitious or obviously inflated. Therefore the amount in dispute or claimed being in excess of $2,000 exclusive of interest, this court is without jurisdiction. See Article 7, Section 10, Paragraph 3, LSA.
It is ordered that the appeal in this case be transferred to the Supreme Court of Louisiana. Let the appellants be and they are hereby given 30 days from the date this decree becomes final in which to perfect and file their appeal in the Supreme Court, and on their failure to do so the appeal stands dismissed.