AYRES, Judge.
This is an appeal from a judgment sustaining an exception of no cause and of no right of action and dismissing plaintiff’s suit.
Plaintiff, as a judgment creditor in the sum of $8,000, with 8 percent per annum interest thereon from January 2, 1951, until paid, together with 10 percent additional as attorney’s fees, and costs, (Sharman v. Phillips, 228 La. 560, 83 So.2d 127, 131), of Mrs. Myrtle S. Phillips, one of two daughters and sole and only heirs of Mrs. Ada Mary Smith, deceased, prays that two acts of conveyance of real estate by Mrs. Smith to the defendant, Gulf States Realty & Investment Corporation, bearing dates of October 1, 1956, and October 2, 1956, respectively, and recorded January 27, 1957, the day before her death, be avoided as fraudulent, or, in the alternative, for lesion beyond moiety, and the property returned to the estate of the decedent; that plaintiff be permitted to accept his debtor’s inheritance and authorized to pursue her rights as a forced heir to recover the property transferred, and that finally the debtor’s interest therein be applied to the payment of plaintiff’s judgment.
*16 The first of these instruments is a mineral deed wherein Mrs. Smith conveyed to defendant an undivided one-half interest in and to the oil, gas, sulphur and other minerals in, on or under, and that which may be produced from, certain described tracts of land, aggregating 13,340.14 acres. In that instrument the consideration was recited to be $1,00,0 and other good and valuable considerations. The second of the instruments is a deed from the aforesaid vendor to the aforesaid defendant of Lots 1, 2, 3, 12, 13 and 14 of Square 62 of the Clarence Park Addition to the City of Alexandria, Louisiana. The recited consideration for this conveyance is $1,000 cash and the assumption and agreement of the vendee to pay two outstanding mortgages on the property, the principal balance of which was recited to be $17,981.57.
However, there is in the record evidence that the consideration for the mineral sale was 1,500 shares of the capital stock of defendant corporation valued at $10 per share, and that the consideration for the sale of the lots was 700 shares of said capital stock, in addition to the aforesaid assumption and agreement to pay the balance of the mortgages. For the purpose of the incorporation and the issuance of the shares of stock for the lots, their value was fixed at $25,000. If plaintiff is successful in this litigation, the value of an undivided one-half interest in the property thereby subjected to the payment of his judgment far exceeds the maximum jurisdictional amount conferred upon this court, as does the amount of the judgment sought to be collected in this proceeding. Louisiana Constitution of 1921, Art. 7, § 29, LSA. In civil matters, where the amount in dispute or in contest exceeds $2,000, except in workmen’s compensation cases and in actions for personal injuries, the Supreme Court has appellate jurisdiction. Louisiana Constitution of 1921, Art. 7, § 10. The Supreme Court, therefore, has appellate jurisdiction in the instant case and, accordingly, the appeal will be transferred to that Court. LSA-R.S. 13:4441.
Therefore, it is ordered that this appeal be and it is hereby transferred to The Honorable, The Supreme Court of Louisiana, transfer to be made within 30 days after this decree becomes final; otherwise, the appeal is to stand dismissed.
The appellant is assessed with the costs in this court; all other costs are to await final disposition of the case.
Appeal transferred.