PER CURIAM.
Relator, the Hemisphere International Corporation, is made defendant in a suit in which the plaintiff, Dr. Georg Pfeiffer, Receiver of European Overseas Trading Company, seeks recovery of a moneyed judgment for $150,000.
Relator, defendant in that suit, filed a motion seeking to compel the plaintiff to furnish security for costs and there was rendered an order under which the plaintiff was required to furnish security for costs in the sum of $250. This order required that the security be furnished within ten days from the date of the order, which was October 5, 1959.
The security for costs was not furnished within the said ten days and the relator, defendant in the main demand, filed a motion calling upon the plaintiff to show cause on the 13th day of November, 1959, why the suit should not be dismissed because of the failure of the plaintiff to furnish security for costs. On that day and before the rule for dismissal could be heard, the plaintiff deposited $250 in cash with the Clerk of Court as security for costs. Thereupon the District Judge dismissed the rule under which the defendant had sought the dismissal of the suit.
The relator, defendant in the original matter, then prayed for a suspensive appeal from the judgment dismissing the rule under which the defendant had sought the dismissal of the suit. The District Judge refused to grant a suspensive appeal from that judgment under which he refused to dismiss the suit.
Thereupon the defendant in the main suit, relator in the matter which is before us, *883 filed in this Court a petition praying that we grant writs of certiorari, mandamus and prohibition, and, after a hearing, enjoin the District Judge and the plaintiff from proceeding with the trial of the suit for the moneyed judgment, and also praying that, by writ of mandamus, we order the District Judge to grant to the defendant, the relator here, a suspensive appeal from the judgment dismissing the rule for dismissal of the main suit.
This Court has supervisory power only in aid of its own appellate jurisdiction. LSA-Constitution 1921, Article 7, sections 2, 10 and 29; State ex rel. Majendie v. Constable of First City Court, 1 La.App. 139; Cathey v. Henriques, 3 La.App. 323; Riccobono v. Kearney, 164 La. 844, 114 So. 707; Skinner v. Fidelity & Casualty Co. of New York, La.App., 77 So.2d 577; State ex rel. Bailey v. Sewerage and Water Board, La.App., 102 So.2d 874, 876; Gaines v. Miller, La.App., 107 So.2d 533; Sharman v. Gulf States Realty & Investment Corp., La.App., 108 So.2d 15.
Although the relator states that the suit of the plaintiff is one for an accounting, there is attached to the petition of the relator a copy of the petition of plaintiff and from this petition it appears that, as we have already stated, the suit is for a moneyed judgment in the sum of $150,000. It is not based on a claim for damages for physical injuries nor for workmen’s compensation. The amount claimed is in excess of $2,000 and we would have no jurisdiction of an appeal from any judgment which might be rendered in the main suit.
If this were an appeal we would have authority under LSA-R.S. 13:4441 and 13 :4442 to transfer it to the Supreme Court. It is, however, an original application for supervisory writs and we have no authority to transfer it.
The application of writs of certiorari, mandamus and prohibition is denied.
Writs refused.